# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 22

State of North Dakota,                                              Plaintiff and Appellee

v.

Alexander Justin Pittenger,                                    Defendant and Appellant

No. 20170279

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Marie A. Miller, Ward County Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]  Alexander Pittenger appeals from a criminal judgment entered on a jury verdict finding him guilty of corruption and solicitation of a minor and from an order denying a motion to dismiss the charge.  We reverse the criminal judgment because the district court committed structural error by closing the courtroom during the complaining witness' testimony without considering the appropriate factors.

I

[¶2]  The facts relevant to this appeal are that a jury convicted Pittenger of class A misdemeanor corruption or solicitation of a minor in violation of N.D.C.C. § 12.1-20-05.  The district court closed the courtroom during the complaining witness' testimony.  Pittenger objected to closing the courtroom and after his conviction he appealed.  During pendency of the appeal this Court temporarily remanded the case to the district court to consider an "appropriate motion" in conjunction with the parties' stipulation that a "'structural error [occurred] in closing the courtroom during part of the State's case-in-chief.'"  The State filed a motion to dismiss the charge with the district court.  The court denied the motion and the case returned to this Court.

II

[¶3]  Pittenger argues, and the State agrees, the district court committed reversible error in closing the courtroom during the complaining witness' testimony.

[¶4]  Denial of the right to a public trial without proper analysis is a structural error requiring automatic reversal.  *See State v. Rogers*, 2018 ND 244, ¶¶ 3, 6, 919 N.W.2d 193; *State v. Decker*, 2018 ND 43, ¶ 8, 907 N.W.2d 378.  Four constitutionally mandated factors must be considered before closing a courtroom to the public:

> "1.  the claiming party must advance an overriding interest that is likely to be prejudiced,
> 2.  the closure must be no broader than necessary to protect that interest,

1

3. the trial court must consider reasonable alternatives to closing the proceeding, and
4. it must make findings adequate to support the closure."

*Rogers*, at ¶ 15; *Decker*, at ¶ 9 (citing *Waller v. Georgia*, 467 U.S. 39, 48 (1984)).

[¶5]     In addition, N.D.C.C. § 12.1-35-05.2 contains factors to consider before a district court may close a courtroom during a sex offense trial involving a child:

> "In any criminal proceeding in which the defendant is charged with a violation of chapter 12.1-20 involving a child, the court, upon the motion of the prosecuting attorney, shall conduct a hearing to determine whether the testimony of and relating to a child may be closed to the public in order to protect the child's reputation.  In making the determination to close the proceedings, the court shall consider:
>
> 1.     The nature and seriousness of the offense;
> 2.     The age of the child;
> 3.     The extent to which the size of the community would preclude the anonymity of the victim;
> 4.     The likelihood of public opprobrium due to the status of the victim;
> 5.     Whether the prosecution has demonstrated a substantial probability that the identity of the witness would otherwise be disclosed to the public during the proceeding and that the disclosure would cause serious harm to the witness;
> 6.     Whether the witness has disclosed information concerning the case to the public through press conferences, public meetings, or other means; and
> 7.     Any other factor the court may find necessary to protect the interests of justice."

[¶6]     Here, at the beginning of the trial the prosecutor requested closure of the courtroom during the juvenile complaining witness' testimony because it is "common practice, and it's provided by statute that the courtroom be closed."  Pittenger's attorney objected because "my client has a right to an open and public trial."  The district court said:

> "THE COURT:     Okay.  At this point, I am inclined to have the courtroom locked during Jane Doe's testimony. I understand the concern, but we do also have a minor victim here.  If Mr. Pittenger's family

2

wants to be in during the remainder of the testimony, they certainly can."

[¶7] When the 17 year-old complaining witness (15 years old at the time of the offense) was called to testify, the following occurred:

> "MS. MILLER: Okay. The State would call Jane Doe. We would ask that all individuals who are not a party to this action be removed from the courtroom at this time.
>
> MR. BRADSHAW: I'm going to object to that, Your Honor. My client has a right to a fair trial that is open to the public.
>
> THE COURT: And Jane Doe is a minor.
>
> MR. BRADSHAW: Just noting my objection, Your Honor.
>
> THE COURT: Your objection is noted. And I am going to ask anybody that is in the courtroom that is not part of these proceedings to go ahead and be excused at this time.
>
> . . . .
>
> THE COURT: Let the record reflect the courtroom has been cleared with the exception of a representative from the State's Attorneys office. The door has been locked. Ms. Miller, you may continue."

[¶8] The district court did not conduct a hearing, make findings, or analyze the appropriate factors, and considered only that the complaining witness was a minor. This structural error requires reversal of the criminal judgment.

### III

[¶9] Because denial of Pittenger's right to a public trial is dispositive of this appeal, we do not consider other arguments raised. The criminal judgment is reversed.

[¶10] Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.

3