# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 159

State of North Dakota,                                      Plaintiff and Appellee

v.

Karim Sabur Kabir Muhammad,                        Defendant and Appellant

No. 20180357

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Jay D. Knudson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Meredith H. Larson, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Samuel A. Gereszek, East Grand Forks, MN, for defendant and appellant.

**Jensen, Justice.**

[¶1]    Karim Sabur Kabir Muhammad appeals from a criminal judgment issued after he was found guilty of gross sexual imposition—victim unaware.  On appeal, Muhammad argues the district court erred by admitting recordings of Muhammad's interrogations as evidence without requiring the recordings be published to the jury, by not publishing admitted evidence in open court he was denied the right to a public trial, and by excluding relevant evidence of his prior sexual contact with the victim. We affirm.

I.

[¶2]    A.I. and a friend were drinking in downtown Grand Forks on the night of October 7, 2017 and into the early morning hours of October 8, 2017.  Muhammad, an acquaintance of A.I. and her friend, was also downtown on the night in question. Muhammad agreed to drive the women home.  A.I.'s friend was dropped off at the Grand Forks Air Force Base.  A.I. and Muhammad proceeded to Muhammad's apartment in Grand Forks.  A.I. testified she passed out and awoke to Muhammad having sexual intercourse with her.

[¶3]    A.I. notified law enforcement of the incident and a "pretext call" was initiated. During the "pretext call," Muhammad was recorded admitting to engaging in sexual intercourse with A.I. though she was "passed out," and "couldn't [expletive] stay awake."  Muhammad was charged with gross sexual imposition—victim unaware. Prior to trial, Muhammad filed a motion in limine seeking permission to introduce evidence of alleged prior instances of sexual contact between Muhammad and A.I. The State opposed Muhammad's motion and offered its own motion in limine to preclude consent from being used as a defense.  Muhammad argued he was seeking

1

to use evidence of past sexual contact to show his state of mind. The district court denied Muhammad's motion and granted the State's motion.

[¶4] During trial, the State offered and the district court admitted two recordings of Muhammad's interrogations. The two lengthy recordings were not played during trial, though law enforcement personnel did provide testimony regarding the contents of the recordings. Muhammad was found guilty at the conclusion of a three-day trial. On appeal, Muhammad argues the district court erred by admitting the two recordings into evidence without requiring the State to publish the recordings to the jury, the failure to publish the recordings in open court denied him his right to a public trial, and erred by excluding relevant evidence of his prior sexual contact with the victim.

## II.

[¶5] Muhammad argues the district court erred by admitting the two recordings of his interrogations without requiring the State to publish both recordings in their entirety to the jury. At trial, Muhammad objected to the admission of the interrogation recordings under N.D.R.Ev. 106, commonly referred to as the "Rule of Completeness." Muhammad contends that when a party asserts an objection to a document or recording pursuant to Rule 106, the offering party is required to publish to the jury the entire document or recording. The district court informed Muhammad that he was free to publish the recordings, and Muhammad did publish portions of the admitted recordings to the jury.

[¶6] We have repeatedly recognized that a trial court has broad discretion in deciding whether to admit evidence or exclude evidence. *State v. Wangstad*, 2018 ND 217, ¶ 6, 917 N.W.2d 515. A trial court's decision on the admission or exclusion of evidence will be reversed on appeal only for an abuse of discretion. *Id*. A trial court abuses its discretion in admitting or excluding evidence by acting in an arbitrary, unreasonable, or unconscionable manner. *Id*.

[¶7] Rule 106, N.D.R.Ev., provides "[i]f a party introduces all or part of a writing or recorded statement, an opposing party may require the introduction, at that time,

2

of any other part, or any other writing or recorded statement, that in fairness ought to be considered at the same time." In the present case, pursuant to Muhammad's objection under Rule 106 and his demand for completeness, the State offered and the district court received the entire recordings. Muhammad does not contest the foundation for the recordings nor does he assert the recordings were not admissible outside of his contention the admissibility is tethered to publication to the jury through his Rule 106 objection seeking completeness.

[¶8] Nothing within Rule 106 tethers admissibility of a document or recording to subsequent publication to the jury. To the contrary, once evidence is properly admitted, the evidence goes to the jury. *See* N.D.C.C. § 29-22-04. The explanatory note to Rule 106 also provides the following: "Rule 106 is not a rule of admissibility, but rather one dealing with order of proof[.]" N.D.R.Ev. 106, Explanatory Note. Here, the entirety of the recordings were admitted to satisfy Muhammad's request under Rule 106 for completeness, and he was allowed to publish the recordings to the jury. The district court did not act in an arbitrary, unreasonable, or unconscionable manner in admitting the recordings without requiring the State to publish the recordings to the jury, and the admission of the recordings was not an abuse of discretion.

[¶9] Muhammad's argument that the district court erred when it admitted the interrogation recordings without requiring publication to the jury is a challenge to the order of proof implicating N.D.R.Ev. 611. Rule 611(a), N.D.R.Ev., provides:

> The court should exercise reasonable control over the mode and order of . . . presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment.

A trial court has broad discretion in its application of Rule 611 and its determination of the mode and order of interrogating witnesses as well as the presentation of evidence. *State v. Sevigny*, 2006 ND 211, ¶ 31, 722 N.W.2d 515. A trial court abuses its discretion in exercising its control over the mode and order of interrogating

witnesses or presenting evidence by acting in an arbitrary, unreasonable, or unconscionable manner. *Id*.

[¶10] Here, the district court exercised reasonable control over the six hours of interrogation recordings by admitting them, but not requiring the State to publish the recordings in their entirety to the jury. Muhammad was given the option to play the recordings in their entirety or to play portions of the recordings; he choose to play portions of the recordings. This procedure avoided wasting time by allowing the jury access to the entirety of the evidence during deliberations without consuming the better part of a day of trial. The jury requested and received access to the recordings during deliberations. The district court did not act in an arbitrary, unreasonable, or unconscionable manner in admitting the recordings without requiring the State to publish the recordings to the jury, and the admission of the recordings without publication was not an abuse of discretion.

III.

[¶11] Muhammad argues that by admitting the recordings of the interrogations without playing them in open court, he was denied a public trial. Muhammad also argues he was put in the position of having to put on the State's case-in-chief by requiring him, instead of the State, to publish the recordings; we note he was not required to publish any portion of the recordings and elected to publish portions of the recordings. Generally, the district courts possess broad discretion when deciding evidentiary matters. *Wangstad*, 2018 ND 217, ¶ 6, 917 N.W.2d 515. However, the denial of a defendant's right to a public trial without proper analysis is a structural error generally considered as requiring a reversal of a conviction. *State v. Pittenger*, 2019 ND 22, ¶ 4, 921 N.W.2d 439. Whether a court's admission of recordings into evidence without publication implicates or violates the right to a public trial is a matter of first impression for this Court.

[¶12] Recently, the Kansas Supreme Court considered a similar matter. *State v. Sullivan*, 414 P.3d 737, 739 (Kan. 2018). In *Sullivan*, the trial court admitted DVDs

4

containing approximately six hours of the defendant's interrogation. *Id.* Detectives testified to the content of the DVDs. *Id.* at 745. The DVDs were not played for the jury in open court, but the jury was allowed to take the exhibits into the jury room during deliberations. *Id.* at 739. The jury eventually returned a guilty verdict. *Id.* The defendant appealed, claiming the trial court's admission of the DVDs violated his constitutional right to a public trial. *Id.*

[¶13] The Kansas Supreme Court held the defendant's right to a public trial was not violated by the admission of the DVDs without playing them during trial. *Sullivan*, 414 P.3d at 745. Because the proceedings admitting the DVDs were conducted in open court, the parties were aware of the content of the DVDs, law enforcement testified to the content of the DVDs, and the defendant was allowed to cross-examine those testifying to the content of the DVDs, there was no violation of the defendant's right to a public trial. *Id.*

[¶14] Likewise, the Washington Court of Appeals held that playing a recording in a manner where only the jury could see it did not implicate a defendant's right to a public trial. *State v. Ayodeji,* No. 72359-6-I, 2017 WL 176647, at *3 (Wash. Ct. App. Jan. 17, 2017). In *Ayodeji*, a jury was shown a recording of an alleged sexual assault during trial. *Id*. The State intentionally played the recording in a manner where the parties and jurors could see it, but the spectators could not. *Id.* at *5. The defendant argued that playing the recording for only the jury resulted in a closed courtroom, and thus a violation of his right to a public trial. *Id.* The Washington Court of Appeals disagreed and stated because "the public was able to observe the State offer the video into evidence, see who authenticated the exhibit, and get a general sense of its content from the testimony about it," the courtroom was not closed, and the defendant's right to a public trial was not implicated. *Id.*

[¶15] Here, the situation is similar to *Sullivan* and *Ayodeji*. The proceeding regarding the admission of the interrogation recordings was conducted in open court, and Muhammad would have been aware of the contents of the recordings through the

5

discovery process. Law enforcement personnel testified to the content of the recordings, and Muhammad's counsel was allowed to cross-examine the State's witnesses. In the present case, Muhammad had the option to play the recordings in their entirety. We agree with the reasoning of the courts in *Sullivan* and *Ayodeji* and conclude Muhammad's right to a public trial was not implicated by the district court's admission of the recordings without requiring the recordings be played in open court.

IV.

[¶16] Muhammad argues the district court erred in the exclusion of evidence of his prior sexual contact with the victim. Muhammad asserts the evidence was relevant to determining what he "knew" or had "reasonable cause to believe" on the night in question.

[¶17] Muhammad was charged with gross sexual imposition under N.D.C.C. § 12.1-20-03(1)(c). Under N.D.C.C. § 12.1-20-03(1)(c), "[a] person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if [t]hat person knows or has reasonable cause to believe that the victim is unaware that a sexual act is being committed upon him or her." The State needed to prove Muhammad (1) willfully engaged in a sexual act with A.I. and (2) did so knowing or with reasonable cause to believe A.I. was unaware that a sexual act is being committed upon her.

[¶18] Generally, under N.D.R.Ev. 412, evidence offered to prove an alleged victim engaged in other sexual behavior and evidence offered to prove an alleged victim's sexual predisposition, is inadmissible. However, in a criminal case, exceptions exist for:

> (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
> (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
> (C) evidence whose exclusion would violate the defendant's

6

constitutional rights.

N.D.R.Ev. 412(b)(1)(A)-(C); *see also State v. Peltier*, 2016 ND 75, ¶ 4, 878 N.W.2d 68. Trial courts enjoy broad discretion when admitting evidence, and evidentiary decisions regarding the admission of evidence will not be overturned unless found to be an abuse of discretion. *Wangstad*, 2018 ND 217, ¶ 6, 917 N.W.2d 515. A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process. *Id.*

[¶19] Muhammad concedes consent is not relevant to a charge of gross sexual imposition where the victim is unaware of the sexual contact as charged under N.D.C.C. § 12.1-20-03(1)(c), but asserts such evidence should still be admitted as relevant to his "frame of mind" under the exception of N.D.R.Ev. 412(b)(1)(B). However, the exception in N.D.R.Ev. 412(b)(1)(B) unambiguously applies only to situations where consent is relevant. Because Muhammad concedes consent is not at issue and the exception only applies to situations involving consent, the evidence of prior sexual encounters is not admissible through N.D.R.Ev. 412(b)(1)(B).

[¶20] The exceptions of N.D.R.Ev. 412(b)(1)(A) and (C), are also inapplicable. Muhammad conceded he had sexual intercourse with A.I. on the night in question and as such, the exception under subpart (A) "to prove that someone other than the defendant was the source of semen, injury, or other physical evidence," does not apply. Muhammad has not asserted the exclusion of evidence detailing past sexual encounters with A.I. violates a constitutional right, and subpart (C) does not apply. While evidence of prior sexual encounters may be relevant to Muhammad's state of mind on the night in question, N.D.R.Ev. 412 prohibits its admission unless it falls within its well-defined exceptions. The district court did not act in an arbitrary, unreasonable, or unconscionable manner in excluding the evidence of Muhammad's prior sexual contact with the victim, and the exclusion of that evidence was not an abuse of discretion.

V.

7

[¶21] The district court did not abuse its discretion by admitting the recordings of Muhammad's interrogation without requiring the State to publish the recordings in their entirety. The admission of the interrogation recordings without playing them in open court did not violate Muhammad's right to a public trial. Lastly, the district court did not abuse its discretion by denying Muhammad's motion in limine and refusing to admit evidence of Muhammad's prior sexual encounters with the victim. We affirm the criminal judgment.

[¶22] Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.

8