# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 229

State of North Dakota,                                                                Plaintiff and Appellant

v.

Jerome Greenshields,                                                                Defendant and Appellee

No. 20190105

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Joseph K. Nwoga, Assistant State's Attorney, Jamestown, ND, for plaintiff and appellant.

Drew J. Hushka (argued) and Mark A. Friese (on brief), Fargo, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1]   The State appeals from an order dismissing a criminal complaint charging Jerome Greenshields with two counts of sexual assault and one count of gross sexual imposition.  Because there is no evidence to support the district court's ruling that an earlier order dismissing a similar criminal complaint and information was intended to be "with prejudice," we reverse and remand for further proceedings.


I

[¶2]   In February 2018, the State charged Greenshields with one count of sexual assault under N.D.C.C. § 12.1-20-07(1)(f) alleged to have occurred between June 1, 1997, and August 30, 1997, and one count of gross sexual imposition under N.D.C.C. § 12.1-20-03(2)(a) and (c) alleged to have occurred between September 1, 2001, and September 31, 2001.  In August 2018, Greenshields moved for a bill of particulars setting forth the specific date of the allegation of sexual assault because, effective August 1, 1997, the penalty for a violation of N.D.C.C. § 12.1-20-07(1)(f) changed from a class A misdemeanor to a class C felony.  *See* 1997 N.D. Sess. Laws ch. 122, § 3.  Greenshields argued the bill of particulars was necessary to adequately inform him of "his right to be free from *ex post facto* prosecution."  On October 22, 2018, the district court granted the motion and ordered the State to "file a bill of particulars within ten (10) days of the filing of this Order."

[¶3]   After the State failed to timely produce the bill of particulars, Greenshields moved on November 5, 2018, for an order dismissing the case "for systemic disregard of the law" because the State had violated the district court's "explicit orders" and "[d]ismissal is required to prophylactically ensure the State's future compliance." Greenshields' motion and brief in support of the motion did not state whether he sought dismissal with or without prejudice.  The State opposed the motion, arguing

1

the victim could not remember the specific dates of the alleged offense. In his reply brief in support of the motion, Greenshields once again urged the court to "dismiss" for willfully disobeying its order. No hearing was requested or held on the motion. On November 21, 2018, the court ruled:

> The State did not file a Bill of Particulars within ten (10) days. On November 5, 2018, Greenshields filed a motion to dismiss the charges. In its response, the State acknowledges being Ordered to file a Bill of Particulars, but still, for reasons unknown to this Court, refuses to do so. Therefore, Greenshields' motion to dismiss is hereby GRANTED.

In December 2018, the State moved to vacate the order of dismissal and filed a bill of particulars. On January 9, 2019, the court denied the State's motion to vacate the order of dismissal. The State did not appeal.

[¶4] On January 10, 2019, the State filed another criminal complaint against Greenshields alleging two counts of sexual assault, one charged as a class A misdemeanor occurring between June 1, 1997, to July 31, 1997, and the other charged as a class C felony occurring between August 1, 1997, to August 31, 1997. The criminal complaint's third count charged Greenshields with class B felony gross sexual imposition occurring between September 1, 2001, to September 30, 2001.

[¶5] Greenshields moved to dismiss the criminal complaint, arguing the State could not recharge him because the first judge's dismissal was "with prejudice" and the State's misconduct foreclosed reinstatement of the charges. The State responded, arguing the prior dismissal was silent whether it was with or without prejudice, the failure to timely file a bill of particulars did not prejudice Greenshields' right to a fair trial, and collateral estoppel did not apply because there was no adjudication on the merits. After a recusal resulting in the same judge who dismissed the prior complaint being assigned to the case, the State demanded a change of judge under N.D.C.C. § 29-15-21, and a different judge was assigned to the case. On March 6, 2019, without holding a hearing, the second judge granted Greenshields' motion to dismiss, summarily concluding the prior dismissal was "as a sanction upon the State. That sanction would have no meaning at all if it was not WITH PREJUDICE."

2

[¶6]    The State argues the district court erred in dismissing the case based on its belief that the previous case was dismissed "with prejudice," because the earlier order of dismissal was silent whether it was with or without prejudice and the court made no findings of prosecutorial misconduct.

[¶7]    Our case law interpreting judgments in civil cases is helpful in interpreting the intent of orders and judgments in criminal cases.  In *Anderson v. Anderson*, 522 N.W.2d 476, 478-79 (N.D. 1994), we observed:

> [When] a court is clarifying its own decree, it quite naturally is in a position superior to ours for the construction of items commonly referred to as findings of fact.  It only follows then that "[c]onstruction of its own decree by the trial court must be given great weight in determining the intent of the trial court." *Palmi v. Palmi*, 140 N.W.2d 77, 82 (Minn. 1966).  On the other hand, when one court interprets the decree of another court, the interpreting court is in no better position than we are to determine the original judge's intentions should the decree contain ambiguities. This Court reviews such interpretations *de novo*.  *Sullivan [v. Quist]*, 506 N.W.2d [394,] 401 [(N.D. 1993)].

We have also noted that the rules for interpreting judgments mirror the rules for interpreting contracts.  *See State v. Mohamud,* 2019 ND 101, ¶ 24, 925 N.W.2d 396; *Silbernagel v. Silbernagel*, 2007 ND 124, ¶ 10, 736 N.W.2d 441.   Whether a judgment is ambiguous is a question of law.  *See Serr v. Serr*, 2008 ND 56, ¶ 8, 746 N.W.2d 416; *Simburger v. Simburger,* 2005 ND 139, ¶ 7, 701 N.W.2d 880.  In the context of stipulations incorporated into judgments, we have said extrinsic evidence of the parties' intent is considered only if, after an examination of the judgment, the stipulated language is ambiguous and the incorporating court's intent cannot be determined.  *See Helbling v. Helbling*, 2019 ND 27, ¶ 6, 921 N.W.2d 652; *Kukla v. Kukla*, 2013 ND 192, ¶ 9, 838 N.W.2d 434.

[¶8]    Unlike a dismissal without prejudice, an order dismissing a case with prejudice is a final disposition of the controversy and, unless reversed, is a bar to any further proceedings. *See Williams v. State*, 405 N.W.2d 615, 622 (N.D. 1987); *see also State ex rel. Torres v. Montana Eighth Judicial Dist. Court*, 877 P.2d 1008, 1012 (Mont.

1994); *State v. Annable*, 956 N.E.2d 341, 345 (Ohio Ct. App. 2011). We agree with the parties that when the dismissal of a criminal count or entire complaint is silent whether it is with or without prejudice, it is ambiguous and examination of the parties and the district court's intent is required. *See U.S. v. Lara-Ruiz*, Crim. No. 09-00121-01-CR-W-DGK, 2010 WL 5788661 *2 (W.D. Mo. December 30, 2010). The problem in this case is that there is no evidence in the record to support the second judge's interpretation of the first judge's order of dismissal to be with prejudice.

[¶9]   The second judge's reasoning that the first judge's sanctioning of the State would be meaningless unless the dismissal was with prejudice is faulty. First, Greenshields did not request that the dismissal be with prejudice, and we will not assume the first judge granted relief beyond what Greenshields requested. Second, we have said that a dismissal with prejudice is a remedy that should only be used in extreme circumstances, and only after consideration of alternative, less severe sanctions. *See, e.g., State v. Erickson*, 2011 ND 49, ¶ 17, 795 N.W.2d 375; *State v. Tweeten*, 2004 ND 90, ¶¶ 13, 16, 679 N.W.2d 287; *City of Jamestown v. Snellman*, 1998 ND 200, ¶ 14, 586 N.W.2d 494. On the other hand, the State also provided no evidence of the first judge's intentions but only argues the first judge intended the dismissal to be without prejudice because the order was silent on prejudice and the first judge would have used the words "with prejudice" if he so intended.

[¶10]   Simply put, there has been no evidence presented for the district court, or this Court on de novo review, to determine whether the first judge intended the dismissal to be with or without prejudice. We reverse the order of dismissal and remand for further proceedings. Greenshields may renew his motion and present evidence of the first judge's intent in dismissing the case.


III

[¶11]   We reverse the order of dismissal and remand for further proceedings.

[¶12]   Lisa Fair McEvers
         Norman Anderson, S.J.
         Jon J. Jensen

4

Daniel J. Crothers
Gerald W. VandeWalle, C.J.

[¶13] The Honorable Norman Anderson, S.J., sitting in place of Tufte, J., disqualified.

5