# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 47

| | |
|---|---|
| Northwest Grading, Inc., | Plaintiff, Appellant and Cross-Appellee |
| v. | |
| North Star Water, LLC, | Defendant, Appellee and Cross-Appellant |
| and | |
| The Estate of John W. Lindvig, Thomas H. Lindvig, Donald E. Lindvig, The Fred and Clara Eckert Foundation for Children, Barbara Lindvig, and Wesley Lindvig, G. John Schmitz, Jacob Schmitz, Casey Schmitz, Jordan Schmitz, Codi Austreim, Duane Sand, individually, and Nathan Bachman, individually, | Defendants |
| and | |
| William Krick, | Third-Party Defendant, Appellant and Cross-Appellee |

## No. 20190128

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED AS MODIFIED.

Opinion of the Court by Tufte, Justice.

Lee M. Grossman, Fargo, North Dakota, for appellants.

Kevin J. Chapman (argued) and Kari L. Jensen (on brief), Williston, North Dakota, for defendant, appellee, and cross-appellant.

# Northwest Grading, Inc. v. North Star Water, LLC
## No. 20190128

**Tufte, Justice.**

[¶1]   Northwest Grading, Inc., appeals from a district court judgment entered after a July 2018 bench trial. North Star Water, LLC, cross-appeals. We conclude the district court did not err as to either party's damages and did not abuse its discretion by denying Northwest Grading's motion to strike testimony. We modify the judgment to correct the calculation of interest, and affirm the judgment as modified.

I

[¶2]   North Star Water, LLC, provides water to oil drilling companies. In September 2014, North Star hired Northwest Grading, Inc., to construct an underground water pipeline from the Missouri River to North Star's various pumping stations. Northwest Grading sent regular invoices to North Star during the course of construction.

[¶3]   In August 2015, Northwest Grading informed North Star it owed a balance of $91,072.99. Northwest Grading notified North Star it would repossess the pipeline if it were not paid immediately. Northwest Grading did not receive payment. Employees of Northwest Grading made the pipeline inoperable by closing valves and filling the valve boxes with dirt and concrete. As a result, North Star was temporarily unable to sell water to at least one of its customers.

[¶4]   Northwest Grading sued North Star for breach of contract, quantum meruit, and foreclosure of a construction lien. North Star counterclaimed for fictitious billing, trespass, and damage to property through unlawful repossession.

[¶5]   A three-day bench trial was held in July 2018. At trial, the president of Northwest Grading, William Krick, testified he gave a "terms and conditions sheet" to a representative of North Star and asked that he sign and return it.

The document contained provisions for interest and repossession upon default. It also provided Northwest Grading owned the pipeline until paid in full. Krick testified he never received a signed document from North Star, but nevertheless Northwest Grading began work on the pipeline based on email communications between the parties.

[¶6]   Beginning on the first day of trial, Kevin Koach, the general manager of North Star, testified about North Star's lost water sales, including volume of water pumped per minute, the price per barrel, and the amount of time the pipeline was out of service. Koach also testified about damages incurred clearing concrete and dirt out of the pipeline's valve boxes. While cross-examining Koach on the second day of trial, Northwest Grading moved to strike all Koach's testimony to that point regarding lost water sales because his testimony referred to a water contract that was not disclosed in discovery. The district court denied Northwest Grading's motion. North Star's damages were summarized on a spreadsheet, which North Star offered into evidence. Northwest Grading objected to the spreadsheet's admission for lack of foundation, and the court overruled the objection.

[¶7]   The district court entered findings of fact, conclusions of law, and an order for judgment in October 2018. The court found a business relationship existed between Northwest Grading and North Star, but not based on a written contract. The court concluded Northwest Grading was not authorized to repossess the pipeline by pouring concrete in the valve boxes, and its doing so was a breach of the peace.

[¶8]   The district court awarded Northwest Grading $91,072.99 in damages. The court also awarded North Star $39,328.29 in damages. The court awarded prejudgment interest to both parties. It awarded $9,654.11 in interest to Northwest Grading based on its net damages of $51,744.70. It awarded North Star $7,337.57 in interest based off its gross damages of $39,328.29.

[¶9]   In December 2018, Northwest Grading moved to amend the findings of fact and judgment. Northwest Grading sought to strike Kevin Koach's

testimony about North Star's lost water sales damages as a sanction under N.D.R.Civ.P. 37. A hearing was held in February 2019, and the district court denied the motion in March 2019. Northwest Grading now appeals and North Star cross-appeals.

## II

[¶10] Northwest Grading argues the district court abused its discretion by denying its motion to strike testimony regarding documents not disclosed in discovery.

[¶11] A trial court has broad discretion in deciding whether to admit or exclude evidence. *State v. Muhammad*, 2019 ND 159, ¶ 6, 931 N.W.2d 181 (citing *State v. Wangstad*, 2018 ND 217, ¶ 6, 917 N.W.2d 515). A trial court's decision to admit or exclude evidence will be reversed on appeal only for an abuse of discretion. *Id.* A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable matter, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. *Brock v. Price*, 2019 ND 240, ¶ 12, 934 N.W.2d 5 (citing *N.D. Private Investigative and Sec. Bd. v. TigerSwan, LLC*, 2019 ND 219, ¶ 13, 932 N.W.2d 756).

[¶12] Northwest Grading moved to strike all evidence regarding documents not disclosed in discovery, including Koach's testimony about damages due to lost water sales. It argues N.D.R.Civ.P. 37(b)(2)(A) requires the exclusion of evidence not disclosed in discovery to ensure compliance with the discovery rules of N.D.R.Civ.P. 26. Northwest Grading's argument that N.D.R.Civ.P. 37(b)(2)(A) requires a mandatory sanction is not contemplated by the text of the rule, which provides:

> If a party or a party's officer, director, or managing agent— or a witness designated under Rule 30(b)(6) or 31(a)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

3

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

[¶13] Northwest Grading cites Fed.R.Civ.P. 37(c)(1) as persuasive authority. Rule 37(c)(1), Fed.R.Civ.P., provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." North Dakota's Rule 37 does not include this provision.

[¶14] North Dakota's corollary rule is N.D.R.Civ.P. 37(b)(2)(A)(ii), which permits a district court to sanction a party in violation of a discovery order by prohibiting the disobedient party from supporting or opposing a claim or defense with evidence not disclosed under the discovery order. The key difference between N.D.R.Civ.P. 37(b)(2)(A)(ii) and Fed.R.Civ.P. 37(c)(1) is that the North Dakota rule offers exclusion as a sanction for disobedience of a discovery order while the federal rule sweeps more broadly to require the district court to exclude testimony regarding any undisclosed information.

[¶15] There were discovery orders in this case. However, there was not an order to compel production of the water sale contract at issue in Northwest Grading's motion to strike. Because North Star was not ordered to produce the water sale contract, its failure to disclose did not violate a court order. Because North Star did not violate a discovery order, N.D.R.Civ.P. 37(b)(2)(A)(ii) does

4

not apply. The district court did not misapply the law in rejecting the argument that it was required to exclude Koach's testimony. The court did not abuse its discretion in denying Northwest Grading's motion to strike testimony because no timely objection was made to Koach's testimony when the testimony was offered.

## III

[¶16] Northwest Grading argues the district court's finding that no written contract existed between the parties was clearly erroneous.

[¶17] "Whether a contract exists is a question of fact for the trier of fact." *Jones v. Pringle & Herigstad, P.C.*, 546 N.W.2d 837, 842 (N.D. 1996). The trier of fact determines whether a contract is intended to be a complete, final, and binding agreement. *Id.* (citing *Jerry Harmon Motors, Inc. v. First Nat'l Bank & Trust Co.*, 472 N.W.2d 748, 752 (N.D. 1991)). This Court reviews a district court's findings regarding the existence of a contract under the clearly erroneous standard. *Id.* (citing *Hirschkorn v. Severson*, 319 N.W.2d 475, 478 (N.D. 1982)). A finding of fact is clearly erroneous "if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Lonesome Dove Petroleum, Inc. v. Nelson*, 2000 ND 104, ¶ 15, 611 N.W.2d 154.

[¶18] The district court's finding that the parties were not bound by a written contract is supported by the evidence. Krick testified that he gave a North Star representative a "terms and conditions sheet" and asked that he sign and return it. However, Krick also testified that despite asking several times, North Star never signed or returned the document. Rather, North Star requested via email that Northwest Grading begin work on the pipeline, and Northwest Grading began construction. The district court's finding is not induced by an erroneous view of the law and is supported by the evidence, and we are not left with a definite and firm conviction a mistake has been made. We conclude the district court's finding that the parties were not bound by a written agreement is not clearly erroneous.

IV

[¶19] Northwest Grading argues the district court erred by awarding damages to North Star based on Northwest Grading's damage to the pipeline. Northwest Grading argues its employees' acts of pouring dirt and concrete in the pipeline valve boxes was a lawful repossession authorized by contract or by the Uniform Commercial Code (UCC).

[¶20] As discussed above, the district court's finding that there was no written contract was not clearly erroneous. Because there was no written contract, the contractual provision in the terms and conditions sheet that Northwest Grading relies upon did not authorize the repossession.

[¶21] Northwest Grading also argues it was authorized to repossess the pipeline as a secured creditor under the UCC. There was no showing at trial that Northwest Grading was a secured creditor under the UCC. On this record, we conclude the district court did not err in awarding damages to North Star based on Northwest Grading's damage to the pipeline.

V

[¶22] Northwest Grading argues the district court abused its discretion in its calculation of interest because it awarded Northwest Grading prejudgment interest based on Northwest Grading's net damages while it awarded North Star prejudgment interest based on North Star's gross damages. We review a district court's award of interest for an abuse of discretion. *Fredericks v. Fredericks*, 2016 ND 234, ¶ 36, 888 N.W.2d 177.

[¶23] The district court found North Star liable to Northwest Grading for damages in the amount of $91,072.99. The court also found Northwest Grading liable to North Star for damages in the amount of $39,328.29. The district court awarded $9,654.11 in interest to Northwest Grading based on Northwest Grading's net award of $51,744.70. The court also awarded $7,337.57 in interest to North Star based on North Star's gross award of $39,328.29. The district court did not explain its reasoning for the interest calculations.

6

[¶24] Where there are offsetting damages awards between two parties, the proper method of calculating prejudgment interest is to first determine the net award and then determine interest on that net amount. Here, that would be an award to Northwest Grading of $9,654.11. The same amount may be determined by separately calculating interest to each party on the gross amount and then subtracting. Interest on the $91,072.99 award to Northwest Grading is $16,991.69. Interest on the $39,328.29 award to North Star is, as the district court calculated, $7,337.56. The difference between these amounts, the net calculated by the district court, is $9,654.11. Mathematically, the interest on the net award is the same amount as the difference between the interest amounts on the gross awards. By calculating the interest on the net award to Northwest Grading and then offsetting the interest on the gross award to North Star, the district court erroneously double-counted the interest on the judgment to North Star by subtracting $7,337.53 twice. We conclude it was arbitrary and unreasonable for the district court to calculate interest in this way. Therefore, the district court abused its discretion as to the award of interest.

[¶25] Under N.D.R.App.P. 35(a)(1), we may modify the judgment as to any party. We modify the judgment to correct Northwest Grading's award of prejudgment interest. The district court ordered judgment in the "amount of $54,061.24 ($51,744.70 + 9,654.11 - $7,337.57) . . . to Northwest Grading." We modify paragraph 16 of the district court's order and paragraph 3 of the judgment to remove the duplicate deduction of $7,337.57 and award Northwest Grading a money judgment in the amount of $61,398.81.

VI

[¶26] North Star cross-appeals, arguing the district court erred in awarding any damages to Northwest Grading because it found no written contract existed.

[¶27] The district court found that while there was no written contract between the parties, it was clear from the parties' conduct that they had a

7

"business relationship." The court found that Northwest Grading regularly sent invoices to North Star for work performed and North Star sent payment. The absence of a written contract does not bar Northwest Grading from recovering for the unpaid invoices. *See* N.D.C.C. § 9-06-02 ("All contracts may be oral except such as are specially required by statute to be in writing.") The district court's award of damages to Northwest Grading is consistent with the finding of a business relationship. We conclude the district court did not err in awarding damages to Northwest Grading.

## VII

[¶28] We modify paragraph 16 of the district court's order and paragraph 3 of the judgment under N.D.R.App.P. 35(a)(1) to remove the duplicate deduction of $7,337.57 and award Northwest Grading a money judgment in the amount of $61,398.81. The judgment is affirmed as modified.

[¶29] Jerod E. Tufte
      Gerald W. VandeWalle, C.J.
      Daniel J. Crothers
      Dale V. Sandstrom, S.J.
      Jon J. Jensen

[¶30] The Honorable Dale V. Sandstrom, Surrogate Judge, sitting in place of McEvers, J., disqualified.