# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 173

State of North Dakota,                                    Plaintiff and Appellant

    v.

Jerome Greenshields,                                    Defendant and Appellee

## No. 20190393

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Joseph K. Nwoga, Assistant State's Attorney, Jamestown, ND, for plaintiff and appellant.

Mark A. Friese (argued) and Drew J. Hushka (appeared), Fargo, ND, for defendant and appellee.

**Jensen, Chief Justice.**

[¶1]   The State appeals from a district court order dismissing its criminal complaint against Jerome Greenshields with prejudice.  We affirm.

I

[¶2]   In February 2018, the State charged Greenshields with one count of sexual assault occurring in 1997 and one count of gross sexual imposition occurring in 2001.  Greenshields requested a bill of particulars, and the district court ordered the State to file a bill of particulars within ten days.  The State failed to produce the bill of particulars.  After Greenshields moved for dismissal, the court dismissed the complaint.  The order of dismissal did not specify whether the dismissal was with or without prejudice, and the State did not appeal the dismissal.

[¶3]   In January 2019, the State filed another criminal complaint against Greenshields.  The State charged Greenshields with two counts of sexual assault, one occurring between June 1, 1997, to July 31, 1997, and the other occurring in August 1997.  The complaint also charged Greenshields with gross sexual imposition occurring in September 2001.

[¶4]   Greenshields moved to dismiss the complaint, arguing the charges could not be refiled because the district court dismissed the first case with prejudice.  In response, the State argued the earlier dismissal was silent as to whether it was with or without prejudice.  After the case was assigned to a new judge, the court dismissed the complaint without a hearing, concluding the first judge intended to sanction the State and dismiss the first case with prejudice.

[¶5]   The State appealed, and this Court reversed and remanded, holding there was no evidence showing whether the district court dismissed the first complaint with or without prejudice.  *State v. Greenshields*, 2019 ND 229, ¶ 10, 932 N.W.2d 903.  We stated, "Greenshields may renew his motion and present evidence of the first judge's intent in dismissing the case." *Id.*

[¶6]   On remand, Greenshields renewed his motion to dismiss, claiming the district court intended to dismiss the first complaint with prejudice.  After a hearing, at which the judge who dismissed the first complaint testified, the court found the judge intended to dismiss the first complaint with prejudice. The court dismissed the complaint in this case with prejudice.

## II

[¶7]   The State argues the district court abused its discretion by dismissing its complaint against Greenshields with prejudice.   Under N.D.R.Crim.P. 48(b), a district court may dismiss an indictment, information, or complaint. "A district court's dismissal with prejudice is reviewed for an abuse of discretion." *State v. Tweeten*, 2004 ND 90, ¶ 7, 679 N.W.2d 287.  A court abuses its discretion when it acts arbitrarily, unreasonably, or unconscionably, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. *Nw. Grading, Inc. v. N. Star Water, LLC*, 2020 ND 47, ¶ 11, 939 N.W.2d 512.

[¶8]   In *Greenshields*, 2019 ND 229, ¶¶ 8, 10, 932 N.W.2d 903, we held the first judgment of dismissal was silent as to whether it was with or without prejudice, and there was no evidence of whether the first judge intended the dismissal to be with or without prejudice.  If intent cannot be determined from a document's language, extrinsic evidence may be considered to determine intent, which becomes a question of fact. *Border Res., LLC v. Irish Oil & Gas, Inc.*, 2015 ND 238, ¶ 15, 869 N.W.2d 758; *see also Greenshields*, at ¶ 7.  We do not condone obtaining that extrinsic evidence from a judicial officer who authored the document in question. *See Stein v. Professional Center, S.A.*, 666 So.2d 264, 265-66 ("The law is well settled that a trial judge may not be compelled to testify in a cause concerning either (1) the meaning of an order previously entered by the judge in a pending or closed case, or (2) the judge's mental processes or reasoning in entering such an order.").

[¶9]   We review a district court's findings of fact under the clearly erroneous standard.  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite

and firm conviction a mistake has been made. *Tornabeni v. Creech*, 2018 ND 204, ¶ 22, 916 N.W.2d 772.

[¶10] Greenshields renewed his motion to dismiss on remand and the district court heard testimony from the judge who dismissed the State's first complaint against Greenshields. The court found that on the basis of the judge's testimony, the judge intended to dismiss the first complaint with prejudice. Because the first dismissal was with prejudice, the court dismissed the complaint against Greenshields in this case with prejudice.

[¶11] During the judge's testimony at the hearing on remand, he agreed the first dismissal was a sanction on the State for its failure to file the bill of particulars on at least four occasions. Greenshields' attorney asked the judge, "In this case, you didn't intend to punish Mr. Greenshields by dismissing the charge just to subject him to recharging on a whim. Did you?" The judge responded, "That was not my intent, no."

[¶12] Relying on *Tweeten*, 2004 ND 90, 679 N.W.2d 287, the State contends the district court abused its discretion by dismissing the complaint with prejudice because the first judge testified that while dismissing the first case, he did not make any findings that the State's actions constituted harassment, bad faith, or misconduct. The judge also testified that he did not find the State's failure to file a bill of particulars to be an extreme circumstance that warranted dismissal with prejudice. The State argues the complaint cannot be dismissed with prejudice without a finding of harassment, bad faith, or misconduct.

[¶13] In *Tweeten*, 2004 ND 90, ¶ 9, 679 N.W.2d 287, this Court stated "the district court should not dismiss a case with prejudice unless the court has had an opportunity to determine issues of bad faith, harassment, or misconduct." We held, "The district court's dismissal of the case was an abuse of discretion because the court did not make the requisite finding of bad faith or harassment on the part of the prosecution by clear and convincing evidence." *Id.* at ¶ 16.

[¶14] Here, the State recharged Greenshields and did not appeal the district court's dismissal of the first complaint. Therefore, whether the court failed to

3

make findings of harassment, bad faith, or misconduct is not at issue in this appeal. The State cannot collaterally attack an order it did not appeal. *See Sorenson v. Bakken Investments LLC*, 2017 ND 127, ¶ 7, 895 N.W.2d 302 (stating, "A party may not collaterally attack a final decision, that was not appealed, in subsequent proceedings."). In *Greenshields*, 2019 ND 229, ¶ 10, 932 N.W.2d 903, we remanded for the limited purpose of determining "the first judge's intent in dismissing the case."

[¶15] The district court found the judge in the first case intended to dismiss the complaint with prejudice. After reviewing the record, there is evidence to support the court's findings and we are not left with a definite and firm conviction a mistake was made. Because the court's findings were not clearly erroneous, we conclude the court did not abuse its discretion by dismissing the criminal complaint against Greenshields with prejudice.

III

[¶16] The order dismissing the complaint against Greenshields with prejudice is affirmed.

[¶17] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Gerald W. VandeWalle
Rhonda R. Ehlis, D.J.

[¶18] The Honorable Rhonda R. Ehlis, District Judge, sitting in place of Tufte, J., disqualified.

4