# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

---

2025 ND 166

---

Jordan S. Sutherby,

Plaintiff and Appellant

v.

Diana Y. Astanina,

Defendant and Appellee

and

State of North Dakota,

Statutory Real Party in Interest

---

No. 20250132

---

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Tufte, Justice.

Morgan M. Jacobs, Dickinson, N.D., for plaintiff and appellant; on brief.

Christopher E. Rausch, Bismarck, N.D., for defendant and appellee; on brief.

**Tufte, Justice.**

[¶1]   Jordan Sutherby appeals from a district court judgment in this action against Diana Astanina to determine residential responsibility, parenting time, and child support. Sutherby argues the court clearly erred by refusing to credit $9,150 in payments he made to Astanina for the children's needs during the proceedings. We reverse and remand with instructions.

I

[¶2]   Sutherby and Astanina maintained a twelve-year relationship during which two children were born: B.V.S., born in 2019, and A.N.S., born in 2022. The parties resided together for nine years of their relationship. During the last four years of their relationship, Astanina served as a stay-at-home caregiver while Sutherby worked as the sole wage earner.

[¶3]   In February 2024, Sutherby served Astanina with a summons and complaint seeking determination of residential responsibility, parenting time, and child support for their minor children. Astanina's answer requested similar relief. The parties continued to live together until Astanina and the children moved out on April 7, 2024. Sutherby's gross annual income was $173,676.84. Astanina's expected income was $31,959.98.

[¶4]   The parties resolved most issues. Astanina received primary residential responsibility for the minor children, with Sutherby receiving extended parenting time. The parties agreed that Sutherby's ongoing monthly child support obligation would be $2,885. Four issues remained for the court to determine: the effective date of Sutherby's child support obligation, allocation of daycare expenses, tax dependency exemptions, and attorney's fees. The parties requested that the district court resolve these issues on the basis of written submissions without an evidentiary hearing.

[¶5]   Although acknowledging she could request Sutherby's child support obligation to begin upon commencement of this action, Astanina asked the

district court to begin Sutherby's child support obligation on April 8, 2024, the day after she moved out. After that date, Sutherby made payments for the children's needs totaling $9,150. Both parties asked the district court to credit Sutherby for these payments. Applying an obligation of $2,885 per month beginning April 8, and crediting Sutherby for $9,150, Astanina requested an award of $13,256.84 in past-due child support.

[¶6]   The district court ordered that Sutherby's child support obligation would commence April 1, 2024. The court's decision to deny credit for the $9,150 in prejudgment payments Sutherby had made rested on two findings:  his income was nearly six times that of Astanina's, and the court could have ordered support retroactive to the filing date. On appeal, Sutherby challenges only the court's refusal to credit the acknowledged prejudgment payments.

## II

[¶7]   Sutherby argues that the district court's award of past-due child support without credit for his undisputed voluntary payments was clear error. He cites this Court's decision in *Richter v. Houser*, 1999 ND 147, ¶ 18, 598 N.W.2d 193, which held that the district court had erred by failing to deduct the amount already paid from the past-due amount. Astanina argues that *Richter*'s holding on this point is dicta. She contends that the *Richter* court cited no legal authority for its requirement that credit must be given for the voluntary payments, and that the analysis of credit for previous payments was not essential to the court's decision. Citing *Hammeren v. Hammeren*, 2012 ND 225, 823 N.W.2d 482, she argues the district court was within its discretion to refuse credit for the payments.

[¶8]   "Child support decisions involve questions of law subject to the de novo standard of review, findings of fact subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard." *Wilson v. Wilson*, 2014 ND 199, ¶ 12, 855 N.W.2d 105 (citing *Shae v. Shae*, 2014 ND 149, ¶ 6, 849 N.W.2d 173). Whether crediting voluntary child support payments against a past-due child support obligation is mandatory or discretionary is a question of law we review de novo.

[¶9] The essential facts are undisputed. The parties stipulated to the monthly obligation of $2,885 as determined by N.D. Admin. Code § 75-02-04.1, which the district court approved. Both parties acknowledge that Sutherby paid $9,150 to Astanina for the children's needs during the proceedings.

[¶10] Our decisions in *Richter* and analogous cases addressing double recovery establish a mandatory rule requiring district courts to credit voluntary prejudgment child support payments. Our holding on this point in *Richter* was essential to the decision. "Any comment in an opinion which is not essential to the determination of the case and which is not necessarily involved in the action is dictum and not controlling in subsequent cases." *State v. Martinez*, 2021 ND 42, ¶ 10, 956 N.W.2d 772 (quoting *City of Bismarck v. McCormick*, 2012 ND 53, ¶ 14, 813 N.W.2d 599). Our decision in *Richter* affirmed the judgment as amended. This Court concluded the district court correctly calculated past-due support but erred in setting the final amount owed because it failed to deduct an undisputed payment for support of the children. By modifying the judgment on appeal and affirming, we necessarily concluded as a matter of law that the district court clearly erred by awarding past-due child support without providing credit for a child support payment made during the proceeding. *Richter*, 1999 ND 147, ¶ 18; *see* N.D.R.App.P. 35(a)(1). This Court's lack of citation to a legal authority on this point in *Richter* is not determinative of whether it is binding. A court must occasionally decide a novel issue on which there is no precedent, but the resolution of the issue, if necessary to the decision, is part of the holding of that court. We disagree with Astanina's characterization of *Richter*'s holding on this point as mere dicta.

[¶11] In *Hammeren*, we held that the court did not abuse its discretion in crediting Allen Hammeren's prior child support payments. *Hammeren*, 2012 ND 225, ¶ 35. Astanina misreads *Hammeren* to support her argument that courts have discretion whether or not to credit prior voluntary payments. We disagree with Astanina's inference that the *Hammeren* decision affirming an award as no abuse of discretion necessarily means that the court had discretion to do something else. Where a district court follows a nondiscretionary requirement, on appeal we will say it did not abuse its discretion. *Hammeren*, ¶ 35. If it does not follow such a requirement, we will reverse as an abuse of discretion or modify the

3

judgment to correct the error. *See Richter*, 1999 ND 147, ¶ 18. We reject Astanina's argument that *Hammeren* implies a district court has discretion to deny credit for prejudgment payments and instead hold that a district court must do so as a matter of law.

[¶12] If a district court does not credit such voluntary prejudgment child support payments, the obligee parent in effect is compensated twice for the same obligation. Our decisions in other areas of the law foreclose double recovery, and the same principle applies to calculation of a past-due child support obligation. *See, e.g., Nw. Grading, Inc. v. N. Star Water, LLC*, 2020 ND 47, ¶ 24, 939 N.W.2d 512 (finding impermissible double-counting for interest on damages awarded); *Hartman v. Estate of Miller*, 2003 ND 24, ¶ 25, 656 N.W.2d 676 (explaining that a party is not entitled to double recovery for economic damages, but affirming where the trial court found there was no double recovery).

[¶13] Failing to apply credit for child support payments made prior to a judgment would discourage parents from supporting their children during the pendency of litigation. Parents would be incentivized to withhold their child support obligations until the conclusion of sometimes lengthy and contentious court proceedings. A district court's refusal to credit voluntary payments would discourage parents from voluntarily supporting their children by making them fulfill the same obligation again when the court orders child support. The children would bear the hardships resulting from a parent's decision not to make voluntary support payments absent an interim order based on uncertainty about receiving credit for such payments.

[¶14] We hold, consistent with *Richter*, that upon finding that an obligor has voluntarily paid child support during an action, the district court must credit the parent for the payments when calculating the obligation for past-due support. When a court orders child support with a retroactive effective date, it must offset any past-due support owed by payments the noncustodial parent made to the custodial parent for the children's benefit during the relevant period.

[¶15] Sutherby's child support obligation began April 1, 2024, and the monthly amount owed is $2,885. Sutherby contributed $9,150 towards the children's support after Astanina and the children moved out of his home. The district

court's failure to offset the past-due amount by the undisputed amount of voluntary payments was an abuse of discretion and thus the ultimate award is clearly erroneous.

[¶16] The district court also erred when it justified an award of past-due support larger than either party requested on the basis of its discretion to set the commencement date for child support. The court set the commencement date for its initial determination of child support by relying on a case that held that "the preferred effective date for an order modifying child support is the date the motion was filed." *Geinert v. Geinert*, 2002 ND 135, ¶ 9, 649 N.W.2d 237. The court explained that it could have started Sutherby's obligation as early as February 6, 2024, when he began the action, but chose April 1, 2024, instead—a difference of approximately two months. At $2,885 per month, this period would have increased Sutherby's total past-due obligation by no more than $5,770. This amount is substantially less than the $9,150 that Sutherby had already paid to Astanina. The court's explanation—that declining to exercise its discretion to impose a smaller obligation justifies refusing to credit a larger payment—does not support its decision.

### III

[¶17] We find no merit in appellee's claim for attorney's fees and decline to address it. We reverse the judgment and remand to the district court with instructions to enter an amended judgment reducing Sutherby's past-due child support obligation by $9,150.

[¶18] Jon J. Jensen, C.J.
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte
 Douglas A. Bahr