Sheila REIGER, Plaintiff and Appellant,

v.

Reuben F. WIEDMER and Judy Wiedmer, Defendants and Appellees.

Civ. No. 940342.

Supreme Court of North Dakota.

May 9, 1995.

LaRay Anseth Johnson (argued), Anseth and Johnson, Williston, for plaintiff and appellant.

Robert J. Hovland (argued), McGee, Hankla, Backes & Wheeler, Ltd., Minot, for defendants and appellees.

NEUMANN, Justice.

The plaintiff, Sheila Reiger, appeals from a summary judgment. We reverse and remand for trial.

On February 3, 1986, Sheila Reiger slipped and fell on premises owned by the Wiedmers. As a result of that fall, Reiger received injuries to her foot and knee that have required several surgeries. Reiger was 18 at the time of the fall. American Family Insurance, the Wiedmers' insurance carrier, notified Reiger they would pay the medical expenses beyond what was covered by the Reigers' insurance provider. American Family honored that promise.

Between 1986 and 1992 numerous contacts were made between Reiger and Bob Smith, an American Family adjuster. Reiger asserts she asked Smith at one point in these discussions whether there were any time limits regarding her claim. Reiger alleges that Smith assured her that as long as the file was opened once each year there were no time limits. Reiger continued to submit her bills and they continued to be paid until February 21, 1992, when American Family Insurance informed her they would be denying her claims due to expiration of the statute of limitations on February 3, 1992. Reiger commenced this action in April of 1992.

Wiedmers moved for summary judgment based upon the expiration of the statute of limitations. Reiger countered by arguing Wiedmers were equitably estopped from claiming a statute of limitations defense due to the misleading statements made by American Family's representative regarding time limits.

The trial court, after a hearing, concluded "[t]here is no evidence to establish that the equitable doctrines of waiver or estoppel should apply regarding any statements or actions of defendants' insurance adjuster upon which the Court could waive the statute of limitations deadline." Additionally, the trial court also stated "[d]espite a thorough cross examination by plaintiff's counsel, there were no facts presented to the Court that would indicate that defendants' insurance adjuster made any false representation nor intentionally, negligently, or deliberately mis-

led plaintiff or her parents with respect to the Statute of Limitations issue."

Reiger appeals, claiming the trial court erred in determining equitable estoppel failed to toll the statute of limitations.

■ Summary judgment is a procedural device for the expeditious disposition of controversies when, after viewing the evidence in a light most favorable to the opposing party and giving the opposing party the benefit of all favorable inferences, there exists no dispute about the material facts or the inferences to be drawn from them. *Farmers Union Oil Co. of Williston v. Harp*, 462 N.W.2d 152, 154 (N.D.1990). On appeal we view the evidence in a light most favorable to the party against whom summary judgment was granted. *Williston Coop. Credit Union v. Fossum*, 427 N.W.2d 804, 806 (N.D.1988). Generally a party raises an issue of material fact preventing summary judgment by producing affidavits, sworn testimony, or other admissible evidence showing the parties are in disagreement over one or more material facts. *Kemp v. City of Grand Forks*, 523 N.W.2d 406, 407 (N.D.1994).[1] Even inadmissible evidence may be considered by the trial court in making summary judgment determinations if it is not timely objected to. *Williston Coop. Credit Union*, 427 N.W.2d at 806.

■ The trial court, in determining the summary judgment question, focused on the testimony of the moving parties' witnesses. Reiger, the nonmoving party, presented testimony by deposition stating she was given certain assurances by American Family's adjuster that there were no time limits on her claim. As we noted above, in summary judgment we view the evidence in a light most favorable to the nonmoving party. The fact that American Family's adjuster testified to something different is not relevant for summary judgment purposes.

■ We find the trial court's approach to this summary judgment hearing unusual. Generally summary judgment hearings are conducted to allow the presentation of arguments regarding the application of some rule of law and occasionally to permit the nonmoving party to raise disputed issues of material facts. At this hearing the moving party was given an opportunity to cross examine the person whose testimony Reiger relied upon to raise disputed issues of material facts. "The purpose of the hearing on a motion for [summary] judgment is not to resolve factual issues, but to determine whether there is any genuine issue of material fact in dispute." 6 James Wm. Moore, Moore's Federal Practice ¶ 56.11[1.—0] (2d ed. 1995) (footnotes omitted). What began as an argument before the court on the appropriateness of a motion for summary judgment quickly became a trial on the issue of equitable estoppel.

Although Rule 56 does not mention oral testimony, Rule 43(e) permits the court to take oral testimony at a hearing on a motion for summary judgment. While this flexibility may prove useful in supplying a link in the proffered evidence, courts should avoid a lengthy "trial" for the purpose of establishing that an actual trial is necessary.

*Id.* at [1.—6] (footnotes omitted). In this summary judgment hearing the trial court resolved factual issues in what became a trial setting. This is an inappropriate use of summary judgment.

■ We conclude Reiger's sworn testimony, along with her other allegations, when viewed in a light most favorable to her position, could support an equitable estoppel claim.[2]

---

1. We recognize in cases requiring evidentiary showings greater than a mere preponderance, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability." *State Bank of Kenmare v. Lindberg*, 471 N.W.2d 470, 474 (N.D.1991). In such cases a trial court judge is required to make cursory assessments as to the quality and quantity of evidence presented before ruling on a summary judgment. *Id.* This, however, is not such a case.

2. For a thorough discussion of the elements of equitable estoppel, see *Minex Resources, Inc. v. Morland*, 518 N.W.2d 682 (N.D.1994), and *In re Estate of Helling*, 510 N.W.2d 595 (N.D.1994). *In re Estate of Helling* also discusses how equitable estoppel is to be applied regarding both claim and nonclaim statutes of limitations.

Wiedmers also contend that NDREv 408 and 409 preclude the use of any negotiations, offers of settlement, and payment of medical bills to show that equitable estoppel is properly applicable. We disagree.

Rule 408 makes evidence of offers of compromise inadmissible if offered to prove liability. NDREv 408. This reflects our policy of encouraging negotiations and settlements without judicial intervention. The last sentence of Rule 408, however, states "[t]his rule does not require exclusion if the evidence is offered for another purpose, such as proving bias or prejudice of a witness, disproving a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Id.* This

> rule is designed to exclude the offer of compromise only when it is tendered as an admission of the weakness of the offering party's claim or defense, not when the purpose is otherwise. Thus, for example, the rule does not call for exclusion when the compromise negotiations are offered to explain delay in taking action, . . . .

2 John W. Strong, McCormick on Evidence, 196 (4th ed. 1992). Reiger is not offering evidence of her negotiations to establish liability. She testified about representations made by Wiedmers' adjuster in order to explain why Wiedmers should be estopped from pleading the statute of limitations as an affirmative defense.

Rule 409 likewise applies only when evidence of payment of medical expenses is offered "to prove civil or criminal liability for the injury." NDREv 409. Again, Reiger only testified regarding the statute of limitations and whether equitable estoppel might bar Wiedmers from using it as a defense. The testimony was not used to establish liability for her injury.

Reversed and remanded for trial.

VANDE WALLE, C.J., and LEVINE and MESCHKE, JJ., concur.

SANDSTROM, J., concurs in result.