Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 16

In the Matter of the Civil Commitment of Joshua John Gomez

Julie A. Lawyer, Assistant State’s Attorney, Petitioner and Appellee

v.

Joshua John Gomez, Respondent and Appellant

No. 20170159

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Julie A. Lawyer, Burleigh County Assistant State’s Attorney, Bismarck, ND, for petitioner and appellee.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant.

Matter of Gomez

No. 20170159

Jensen, Justice.

[¶1] Joshua Gomez appeals from an order of civil commitment after the district court determined he is a sexually dangerous individual (“SDI”).  Gomez argues the district court erred in allowing the State to call as a witness an expert appointed on his behalf.  We affirm the district court’s order.

I

[¶2] On July 13, 2015, the State petitioned for Gomez’s commitment as a SDI.  On July 16, 2015, the district court ordered an evaluation to be completed at the North Dakota State Hospital (“State Hospital”).  Gomez requested an independent examination.  After confirming Gomez was indigent, the district court appointed Dr. Stacey Benson as an independent examiner on Gomez’s behalf.  In December 2016, the district court held a treatment hearing and heard testimony from Dr. Benson, the court-ordered evaluator from the State Hospital, two evaluators privately retained by Gomez, and Gomez.

[¶3] As part of the discovery process, the State served Gomez with a request for production of documents including a demand that he produce “[a]ny and all reports and tests used by any independent examiner.”  Gomez responded to this request by providing copies of evaluation reports prepared by the two evaluators that had been privately retained by Gomez.  No other form of response was provided.  In particular, Gomez did not produce a copy of the report prepared by Dr. Benson, did not disclose any information regarding Dr. Benson, and did not assert any objection to the discovery request.

[¶4] Prior to the hearing, several examination reports were filed with the district court.  The State filed the report of the evaluator who completed the examination pursuant to the district court’s order for an examination at the State Hospital.  Gomez filed the reports of his privately retained evaluators.  Gomez did not file the report of the independent examiner appointed on his behalf, Dr. Benson.

[¶5] The State subsequently sought an order for the release of Dr. Benson’s report.  The district court ordered Dr. Benson to release copies of her report to the district court, the State, and Gomez.  Dr. Benson’s report of evaluation was filed with the district court by the State.

[¶6] At the hearing, the State called Dr. Benson as a witness.  Gomez objected, arguing Dr. Benson was retained only for the purpose of trial preparation.  Gomez asserted the State was prohibited from calling Dr. Benson as a witness pursuant to N.D.R.Civ.P. 26(b)(4)(B), which limits the scope of discovery for experts retained for the purpose of trial preparation and who are not intended to be called as a witness.  Gomez supported his argument by noting Dr. Benson was appointed pursuant to N.D.C.C. § 25-03.3-12, which Gomez contends provided him with the option to either call or not call an independent examiner as a witness.  Dr. Benson also refused to testify without consent from Gomez or a court order, asserting she was precluded from revealing confidential information regarding Gomez.  The district court ordered Dr. Benson to testify after concluding N.D.C.C. § 25-03.3-13 provides for the admissibility of any testimony or reports of an expert.

[¶7] Dr. Benson offered a diagnosis of antisocial personality disorder and noted Gomez was rated at a high risk of reoffending.  The court-ordered evaluator from the State Hospital testified she arrived at a diagnosis of antisocial personality disorder as well.  The court-ordered evaluator from the State Hospital also testified she understood some of Gomez’s history differently than Dr. Benson, but arrived at the same conclusion that Gomez was at a high risk of reoffending.  One of Gomez’s privately retained evaluators also diagnosed Gomez with antisocial personality disorder, mild stimulant cocaine use disorder, and mild cannabis use disorder.  During the hearing, that same evaluator determined Gomez omitted some information during his examination regarding prior criminal offenses and amount of sexual partners, which would have changed parts of his opinion about Gomez’s likelihood to reoffend.  Gomez’s second evaluator testified he believed the State failed to meet its burden, and he did not believe Gomez should have been diagnosed with antisocial personality disorder.

[¶8] On March 29, 2017, the district court entered an order for commitment after it determined Gomez is a SDI.  The parties stipulated Gomez engaged in sexually predatory conduct, and the district court determined the State met its burden on the other required elements.  Accordingly, the district court ordered Gomez into the custody of the Department of Human Services as a SDI.  Gomez appealed the district court’s order.

II

[¶9] On appeal, Gomez argues the district court erred as a matter of law by ordering Dr. Benson to testify because the district court appointed her to evaluate or participate in the commitment proceedings on Gomez’s behalf.  This is the only issue Gomez raises on appeal, and he requests we reverse the district court and remand this case “for further proceedings.”

[¶10] SDI commitment proceedings are civil proceedings, and the North Dakota Rules of Civil Procedure apply.  
Matter of Hehn
, 2015 ND 218, ¶ 17, 868 N.W.2d 551.  The admission of expert testimony is within the discretion of the district court, and this Court will not reverse absent a showing of an abuse of discretion.  
Rittenour v. Gibson
, 2003 ND 14, ¶ 29, 656 N.W.2d 691.  “An abuse of discretion occurs when the district court is unreasonable, arbitrary, or unconscionable in rendering its decision.”  
Id.
 at ¶ 13.

[¶11] Gomez argues the plain language of N.D.C.C. § 25-03.3-12 precludes the State from calling an expert appointed on behalf of a respondent to testify.  This Court reviews the district court’s interpretation of a statute de novo.  
Matter of  G.R.H.
, 2011 ND 21, ¶ 13, 793 N.W.2d 460.  Words in a statute are to be understood in their plain and ordinary sense.  N.D.C.C. § 1-02-02.  The statute at issue, N.D.C.C. § 25-03.3-12, provides:

The evaluation must be conducted by one or more experts chosen by the executive director.  Whenever a respondent is subject to an evaluation pursuant to this chapter, the respondent may retain an expert to perform an evaluation or testify on the respondent’s behalf.  When the respondent is an adult with an intellectual disability and a guardian or guardian ad litem has not been appointed for the respondent, the court shall appoint an expert to perform an evaluation on behalf of the respondent.  In the case of a respondent who is indigent, the court shall appoint a qualified expert to perform an examination or participate in the commitment proceeding 
on the respondent’s behalf
.  The department of human services shall compensate any qualified expert appointed by the court on behalf of an indigent respondent in a reasonable amount based on time and expenses.  An expert retained on behalf of the respondent must have reasonable access to the respondent for the purpose of the examination and to all relevant medical, psychological, and court records and reports.

(Emphasis added). 

[¶12] This Court has previously held an indigent respondent does not have the right to select his or her own independent expert appointed pursuant to N.D.C.C. § 25-

03.3-12.  
Matter of Loy
, 2015 ND 92, ¶ 13, 862 N.W.2d 500.  However, this Court has not previously considered whether an independent expert appointed pursuant to N.D.C.C. § 25-03.3-12 should be treated like an expert  privately retained by the respondent or if the expert should be treated as a court-appointed expert.  Gomez contends an independent examiner appointed pursuant to N.D.C.C. § 25-03.3-12 should be treated the same as a privately retained expert and, at the election of the respondent, subject to the disclosure limitations provided in N.D.R.Civ.P. 26(b)(4)(B).  Rule 26(b)(4)(B), N.D.R.Civ.P., limits the scope of discovery for experts retained for trial preparation and not intended to be called as a witness.  We agree with Gomez that an independent examiner appointed pursuant to N.D.C.C. § 25-03.3-12 should be treated the same as an examiner privately retained by the respondent and potentially subject to the discovery limitation expressed in N.D.R.Civ.P. 26(b)(4)(B).

[¶13] Following the filing of a petition for commitment proceedings by a representative of the State, upon finding there is probable cause to support the commitment, the district court “shall order that the respondent be transferred to an appropriate treatment facility for an evaluation.”  N.D.C.C. § 25-03.3-11.  The court-

ordered evaluation “must be conducted by one or more experts chosen by the executive director” of the Department of Human Services.  N.D.C.C. § 25-03.3-12.  This creates a procedure by which the State initiates the petition process and the court-ordered examination is conducted by an examiner selected by the executive director of a state agency.  Section 25-03.3-12, N.D.C.C., provides balance by allowing respondents an opportunity to retain their own expert to “perform an evaluation or testify on the respondent’s behalf.”  In  the case of an indigent respondent, “the court shall appoint a qualified expert to perform an examination or participate in the commitment proceeding on the respondent’s behalf.”  N.D.C.C. § 25-03.3-12.

[¶14] The statute unambiguously allows a respondent to be evaluated by an expert or call an expert to testify regardless of whether the expert is privately retained or appointed by the district court.  There is no language within N.D.C.C. § 25-03.3-12 that compels the disclosure of an indigent respondent’s expert.

[¶15] The district court determined N.D.C.C. § 25-03.3-13 allows all expert reports to be admitted.  The pertinent part of N.D.C.C. § 25-03.3-13 reads as follows:  “[A]ny testimony and reports of an expert who conducted an examination are admissible, including risk assessment evaluations.”  The effect of this language is to allow the admission of expert reports which would otherwise be excluded from admission as hearsay pursuant to N.D.R.Ev. 807.  Construing the preceding language as a waiver of a respondent’s ability to retain an expert for the purpose of trial preparation would be inconsistent with N.D.C.C. § 25-03.3-12, allowing respondents to retain or have appointed by the district court their own expert to “perform an evaluation or testify on the respondent’s behalf.”  It would also be inconsistent with N.D.R.Civ.P. 26(b)(4)(B), which allows the retention of experts for the purpose of trial preparation, but not testifying.

[¶16] Although we conclude N.D.C.C. § 25-03.3-13 does not eliminate a respondent’s right to retain an expert for the purpose of trial and potentially be subject to the discovery limitations provided in N.D.R.Civ.P. 26(b)(4)(B), Gomez waived his ability to prevent Dr. Benson from testifying and presenting her opinions by failing to object to the State’s discovery requests.  “[T]he failure to serve an objection to an interrogatory or request for production within the thirty-day period prescribed by Rules 33 and 34 constitutes a waiver of any objection.”  
Vorachek v. Citizens State Bank of Lankin
, 421 N.W.2d 45, 52 (N.D. 1988).  The State initiated a request for production of documents that demanded Gomez produce, “[a]ny and all reports and tests used by any independent examiner.”  A request for the production of documents is governed by N.D.R.Civ.P. 34.  Pursuant to Rule 34(b)(2)(B), Gomez was required to assert his objection to the State’s demand that he produce “[a]ny and all reports and tests used by any independent examiner.”

[¶17] Gomez also contends his non-disclosure was the equivalent of an objection, and the State failed to follow-up with a motion to compel his compliance with the request for production of documents related to Dr. Benson.  We disagree and, in addition to the directive in N.D.R.Civ.P. 34(b)(2)(B) requiring a timely objection, N.D.R.Civ.P. 26 requires a party to take affirmative action when claiming information is privileged or subject to protection as trial preparation material.  Rule 26(b)(5)(A), N.D.R.Civ.P., provides as follows:

(5)  Claiming Privilege or Protecting Trial Preparation Materials.

(A)  Information Withheld.  When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

[¶18] Gomez failed to both timely assert an objection pursuant to N.D.R.Civ.P. 34(b)(2)(B) and comply with the requirements of N.D.R.Civ.P. 26(b)(5)(A).  He therefore waived his objection to the admission of Dr. Benson’s testimony and opinions.  Under these circumstances, the district court’s admission of Dr. Benson’s testimony was not improper.

III

[¶19] We affirm the district court’s order for Gomez’s civil commitment as a SDI.

[¶20] Jon J. Jensen

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.