# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

### 2020 ND 65

---

Gary Haas, Individually and as Personal
Representative of the Estate of Jenny Haas,
and Brenda Haas,                                                    Plaintiffs and Appellants

     v.

Hudson & Wylie LLP, & its Agents Terry
Hudson, Doreen Hudson, and Luann Wiley,               Defendants and Appellees

---

### No. 20190198

---

Appeal from the District Court of Rolette County, Northeast Judicial District,
the Honorable Anthony S. Benson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Michael J. Geiermann, Bismarck, North Dakota, for plaintiffs and appellants;
submitted on brief.

Nathan C. Gibbens and J. Bruce Gibbens, Cando, North Dakota, for defendants
and appellees; submitted on brief.

**Tufte, Justice.**

[¶1]   Gary Haas, Brenda Haas, and the estate of Jenny Haas appeal from a district court judgment dismissing their complaint against Hudson & Wylie LLP[1] and its agents Terry Hudson, Doreen Hudson, and Luann Wiley. We conclude the district court erred in admitting hearsay testimony central to its decision, and reverse and remand for further proceedings.

I

[¶2]   The Haases and Hudson & Wiley LLP own adjacent parcels of land in Rolette County. All property at issue in this case was once owned by W.A. Lawston. Lawston partitioned the land and conveyed a parcel to Edwin Haas in 1962, and he conveyed the adjacent parcel to Raymond Hudson in 1968. Edwin Haas's parcel was conveyed to Jenny Haas in 2004, and Raymond Hudson's parcel was conveyed to Hudson & Wiley LLP in 2006.

[¶3]   The Haas property is located north of the Hudson property. A meandering road runs east and west along the northern edge of the Hudson property near its boundary with the Haas property. A curve in the road causes it to cut across both properties. A 2.19-acre parcel and a 3.5-acre parcel of the Hudson property lie north of the road adjacent to the Haas property.

[¶4]   The Haases have used the 2.19-acre and 3.5-acre portions of the Hudson property north of the road for grazing cattle and cutting hay since the early 1960s. In April 2018, the Haases filed a complaint in district court alleging adverse possession, acquiescence, trespass, and willful damage to property.

---

[1] The caption in the Complaint named as defendants Hudson & Wylie LLP, and its agents Terry Hudson, Doreen Hudson, and Luann Wiley.  The name of the first defendant is properly spelled Hudson & Wiley LLP, which will be used throughout this opinion. We retain the caption as it appears in the district court file.

[¶5]   A bench trial was held in December 2018. At trial, Terry Hudson and Luann Wiley testified that their late father, Raymond Hudson, told them he knew he owned the portions of land north of the road and gave the Haases permission to use the land. In a post-trial brief, the Haases objected to the admissibility of this testimony.

[¶6]   Gary Haas testified at trial that he offered to trade his land south of the road for Terry Hudson's land north of the road. When Gary Haas was cross-examined about the land swap proposal, counsel for the Haases objected that the testimony was inadmissible evidence of compromise offers and negotiations under N.D.R.Ev. 408. The district court overruled the objection.

[¶7]   The district court took the case under advisement. In April 2019, the district court entered judgment dismissing the Haases' complaint. On the basis of its finding that Gary Haas's use of the land was permissive, the court concluded the Haases had not adversely possessed the property because their use and possession of the parcels was not hostile.

## II

[¶8]   The Haases argue the district court abused its discretion by relying on inadmissible hearsay evidence.

## A

[¶9]   Hudson & Wiley argue the Haases waived the hearsay issue on appeal because they failed to object to the testimony at trial. Hudson & Wiley contend that the district court was unable to intelligently rule on the objection because it was not raised in the context of trial.

> We have long held that an effective appeal of any issue must be appropriately raised in the trial court in order for us to intelligently rule on it. Under N.D.R.Ev. 103(a)(1), error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record, stating the specific

ground of objection, if the specific ground was not apparent from the context.

*State v. Brewer*, 2017 ND 95, ¶ 4, 893 N.W.2d 184 (quoting *State v. Steen*, 2015 ND 66, ¶ 5, 860 N.W.2d 470).

[¶10] The Haases concede they did not object to hearsay testimony at trial. However, they objected in a post-trial brief: "Ray Hudson has passed away and what he might have said is not admissible evidence nor credible." In its findings of fact and conclusions of law, the court considered the Haases' objections, characterizing them as "Plaintiffs object to this testimony as being inadmissible hearsay and not credible." The court concluded the statements were not hearsay. Because the district court ruled on the Haases' objection with full knowledge of the trial context, Hudson & Wiley's argument that the court was unable to intelligently rule on the objection fails. Although the district court could have overruled the post-trial evidentiary objection as untimely, the court retains some discretion to consider objections that are not timely made. We conclude this issue was adequately preserved for appeal.

B

[¶11] The Haases argue the district court abused its discretion by relying on inadmissible hearsay evidence.

> Under N.D.R.Ev. 801(c), hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 802, N.D.R.Ev., generally provides that hearsay is inadmissible, except as provided by the rules or by statute. In reviewing a trial court's decision whether to admit evidence, this Court applies an abuse of discretion standard. *In re J.S.L.*, 2009 ND 43, ¶ 18, 763 N.W.2d 783. "The [trial] court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination." *State v. Schmidkunz*, 2006 ND 192, ¶ 15, 721 N.W.2d 387.

*Krueger v. Krueger*, 2013 ND 245, ¶ 22, 840 N.W.2d 613.

[¶12] At trial, Terry Hudson and Luann Wiley testified that their now-deceased father, Raymond Hudson, told them that he owned the parcels north of the road and had given the Haases permission to use the parcels. The district court concluded this testimony was not hearsay because it was not offered to prove the truth of the matter asserted, but rather to prove Raymond Hudson knew he owned the parcels in question. The court then relied on this testimony to conclude that the Haases' use of the Hudson property was not hostile to Hudson & Wiley's title.

[¶13] The district court erred in concluding Raymond Hudson's statements were not offered to prove the truth of the matter asserted. Hudson & Wiley asserted in their post-trial brief that Raymond Hudson's statements established the Haases' use of the property was permissive. The truth of the statements was necessary to prove this claim. The district court misapplied the law because the statements were hearsay for this purpose under N.D.R.Ev. 801(c) and were inadmissible under N.D.R.Ev. 802. We conclude that the district court's misapplication of the law was an abuse of discretion.

C

[¶14] The Haases argue the district court committed reversible error because it substantially relied on inadmissible hearsay testimony in reaching its decision.

> In the trial of a nonjury case, it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not. An appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made. . . . On the other hand, a trial judge who, in the trial of a nonjury case, attempts to make strict rulings on the admissibility of evidence, can easily get his decision reversed by excluding evidence which is objected to, but which, on review, the appellate court believes should have been admitted.

*Fuhrman v. Fuhrman*, 254 N.W.2d 97, 99 (N.D. 1977) (quoting *Matson v. Matson*, 226 N.W.2d 659, 665 (N.D. 1975)).

[¶15] The Haases argue the admission of inadmissible hearsay evidence induced the district court to make an essential finding that the Haases had used the property with Raymond Hudson's permission, thus defeating the Haases' claim that their use was hostile to Hudson & Wiley's title.

[¶16] Hudson & Wiley points us to the testimony of Steve Herman to support the district court's conclusion that the Haases' use of the land in question was permissive. Herman was a fence contractor hired by Hudson & Wiley to clear brush along the survey line of the Hudson property. He testified that Gary Haas told him that he had permission to use the land in question and expected to work out a land swap with Hudson & Wiley as a compromise.

[¶17] The district court appears to have based its conclusion that Raymond Hudson gave the Haases permission to use the property on the hearsay testimony of Terry Hudson and Luann Wiley. Although the court acknowledges that Herman's testimony adds support to this finding, it affirmatively appears that the incompetent evidence induced the court to make an essential finding which may not otherwise have been made. *See Fuhrman*, 254 N.W.2d at 99. We therefore conclude the district court committed reversible error by admitting the hearsay statements, and we remand this case for a finding without consideration of the hearsay evidence.

III

[¶18] The Haases argue the district court erred in admitting evidence of a proposed land swap that was inadmissible under N.D.R.Ev. 408.

> Under N.D.R.Evid. 408, evidence of compromise or offers to compromise a disputed claim is not admissible to prove liability for, invalidity of, or the amount of a claim. Rule 408, N.D.R.Evid., encourages complete candor during settlement discussions by expanding the common-law rule and rendering inadmissible "[e]vidence of conduct or statements made in compromise negotiations." *See* N.D.R.Evid. 408, Explanatory Note. *Cf. Larson*

> *v. Quanrud, Brink & Reibold*, 78 N.D. 70, 80, 47 N.W.2d 743, 748 (1950) (holding admissions of independent facts during course of compromise negotiations admissible under common law). Under N.D.R.Evid. 408, if settlement evidence is offered to show liability for, invalidity of, or the amount of a disputed claim, exclusion of the evidence is the norm. *Thomas* [*v. Stickland*, 500 N.W.2d 598, 600 (N.D. 1993)]. Exclusion of settlement evidence is not required, however, if the evidence is offered for "another purpose, such as proving bias or prejudice of a witness, disproving a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." N.D.R.Evid. 408. *See Reiger* [*v. Wiedmer*, 531 N.W.2d 308, 311 (N.D. 1995)]; *Thomas*, 500 N.W.2d at 601.

*Schlossman & Gunkelman, Inc. v. Tallman*, 1999 ND 89, ¶ 16, 593 N.W.2d 374. A district court's decision to admit or exclude settlement evidence is reviewed under the abuse of discretion standard. *Id.* at ¶ 26.

[¶19] The district court did not abuse its discretion in admitting testimony regarding the land swap proposal because the Haases "opened the door" on direct examination. "[T]he concept of 'opening the door' allows the admission of otherwise inadmissible testimony to 'qualify, explain, or limit' testimony or evidence previously admitted." *Schwab v. Zajac*, 2012 ND 239, ¶ 16, 823 N.W.2d 737 (quoting *Lawrence v. State*, 846 So.2d 440, 452 (Fla. 2003)). "[A] trial court is vested with discretion to decide whether a party has opened the door for the admission of otherwise inadmissible evidence." *Id.*

[¶20] Gary Haas testified about the proposed land swap on direct examination. Then, during cross-examination, counsel for the Haases objected to questioning about the land swap proposal. The district court overruled the objection because Gary Haas had already discussed the proposal in his direct examination testimony. Because the Haases "opened the door" with Gary Haas's direct examination testimony, it was not an abuse of discretion for the district court to admit the testimony on cross-examination.

[¶21] Because the admission of inadmissible hearsay evidence was reversible error, we reverse the district court judgment dismissing the Haases' complaint and remand for further proceedings consistent with this opinion.

[¶22]  Jerod E. Tufte
       Daniel J. Crothers
       Lisa Fair McEvers
       Gerald W. VandeWalle
       Jon J. Jensen, C.J.

**McEvers, Justice, concurring specially.**

[¶23] I concur with the result and have signed the majority opinion. I agree the district court had the authority to consider the arguments made by the Haases, even if their objection was not adequately preserved at trial. N.D.R.Ev. 103(e). I write separately to point out the outcome may have been different if the Hudsons would have had a chance to respond to the "objection" made by the Haases, because it was both untimely and too general.

[¶24] As pointed out by the majority, Terry Hudson and Luann Wiley testified at trial their late father, Raymond Hudson, told them he knew he owned the disputed land north of the road and gave the Haases permission to use the land. Majority, at ¶ 5. This testimony came in without objection. At the close of trial, the district court set a simultaneous post-trial briefing schedule, and specifically did so to avoid "gamesmanship" by the parties. In their post-trial brief, the Haases argued, "Ray Hudson has passed away and what he might have said is not admissible evidence nor credible." The Haases' argument made no mention of hearsay, nor any other legal argument why the testimony was not admissible, and could have been rejected by the court as a "general objection" for failing to state a ground. While a court can consider an objection not made on a specific ground, it must be apparent from the context. N.D.R.Ev. 103(a)(1)(B).

[¶25] The district court could have, and probably should have, rejected this argument as either untimely or too general, but instead considered the

argument in its decision. I expound on this because allowing for an objection to hearsay to be considered when it is made in a post-trial brief should be a rare exception that I do not want to become the general rule.

[¶26] "A party must make a specific objection to evidence at the time it is offered for admission into evidence to give the opposing party an opportunity to argue the objection and attempt to cure the defective foundation, and to give the trial court an opportunity to fully understand the objection and appropriately rule on it." *May v. Sprynczynatyk*, 2005 ND 76, ¶ 26, 695 N.W.2d 196. We have recognized that any objection to the admissibility of evidence is waived by failing to object, and the objection must be made when it is first offered. *State v. Julson*, 202 N.W.2d 145, 153 (N.D. 1972). We have also recognized an objection to a question is too late if the question has been answered, in which case the remedy is a motion to strike. *Id.* at 153. *See also* N.D.R.Ev. 103(a)(1)(A). The Haases made no motion to strike either during trial or in their post-trial brief. The purpose in requiring the objection to be made before an answer is given, is to avoid allowing a party to game the system by waiting to see whether the testimony is favorable to their side. Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 1:7 (4th ed. 2013).

[¶27] It was a stretch here, for the district court to consider the argument made here as a hearsay objection based on the vague argument the testimony was inadmissible, but it is within the court's discretion to determine the context. The court went above and beyond what is required under these circumstances to try to do justice; unfortunately, no good deed goes unpunished.

[¶28] The district court relied in part on inadmissible evidence to determine the use by the Haases was permissible. Whether the Haases have established clear and convincing evidence that their use of the property was hostile to the ownership of Hudson and Wiley without the inadmissible evidence is a finding of fact for the court. I would also leave to the court's discretion whether to consider additional evidence by Hudson and Wiley, since they may have been disadvantaged by the lack of objection at trial to the testimony they presented.

[¶29] Lisa Fair McEvers