# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 162

In the Interest of Edward Skorick

| | |
|---|---|
| Tessa M. Vaagen, Assistant State's Attorney, | Petitioner and Appellee |
| v. | |
| Edward Skorick, | Respondent and Appellant |

## No. 20190349

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Tessa M. Vaagen, Assistant State's Attorney, Bismarck, ND, petitioner and appellee.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant.

# Interest of Skorick
## No. 20190349

**VandeWalle, Justice.**

[¶1]   Edward Skorick appealed from a district court order civilly committing him as a sexually dangerous individual. Skorick argues the court erroneously considered experts' reports in making its decision. We reverse and remand for further proceedings.

I

[¶2]   In September 2018, the State petitioned to have Skorick civilly committed as a sexually dangerous individual. Two experts, Dr. Richard Travis and Dr. Stacey Benson, submitted reports and each opined that Skorick met the criteria of a sexually dangerous individual and recommended that Skorick be committed as a sexually dangerous individual.

[¶3]   Dr. Travis testified at the September 2019 hearing about his report relating to his opinion that Skorick is a sexually dangerous individual. After Dr. Travis' testimony on direct examination, Skorick's attorney moved to strike Dr. Travis' report, claiming the State did not offer his report into evidence at the hearing. The State argued it was not required to admit the report as an exhibit because the report was filed in the Odyssey system in 2018. The district court denied the motion and stated Dr. Travis' report would stand as part of the record.

[¶4]   In October 2019, the district court issued an order finding Skorick engaged in sexually predatory conduct, he has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction, and his conditions make him likely to engage in further acts of sexually predatory conduct that pose a danger to others. The court also found Skorick continues to have serious difficulty controlling his behavior. The court ordered Skorick civilly committed as a sexually dangerous individual.

## II

[¶5]   Skorick argues the district court erred by considering Dr. Benson's and Dr. Travis' reports in finding Skorick was a sexually dangerous individual.

[¶6]   A district court has broad discretion in deciding whether to admit or exclude evidence. *State v. Muhammad*, 2019 ND 159, ¶ 6, 931 N.W.2d 181. A court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, it misinterprets or misapplies the law, or when its decision is not based on a rational mental process leading to a reasoned decision. *Larson v. Larson*, 2016 ND 76, ¶ 32, 878 N.W.2d 54.

[¶7]   Civil commitment of sexually dangerous individuals is governed by N.D.C.C. ch. 25-03.3. "At the commitment proceeding, any testimony and reports of an expert who conducted an examination are admissible, including risk assessment evaluations." N.D.C.C. § 25-03.3-13. "The effect of this language is to allow the admission of expert reports which would otherwise be excluded from admission as hearsay pursuant to N.D.R.Ev. 807." *Matter of Gomez*, 2018 ND 16, ¶ 15, 906 N.W.2d 87.

[¶8]   Civil commitment proceedings are civil in nature, and the North Dakota Rules of Civil Procedure apply. *Gomez*, 2018 ND 16, ¶ 10, 906 N.W.2d 87. Under N.D.R.Civ.P. 61, no error in admitting or excluding evidence is grounds for vacating a judgment or order. All errors and defects that do not affect a party's substantial rights are harmless errors and must be disregarded. N.D.R.Civ.P. 61. If evidence was erroneously admitted, we will consider the entire record and decide in light of all the evidence whether the error was so prejudicial the defendant's rights were affected and a different result would have occurred absent the error. *State v. Azure*, 2017 ND 195, ¶ 22, 899 N.W.2d 294.

[¶9]   Here, it appears the district court relied on Dr. Benson's and Dr. Travis' reports in making its decision. The district court's memorandum decision and order stated that although Dr. Benson did not testify at the hearing, the court "received and reviewed her report." The court's order also states, "The [report] of each psychologist was reviewed extensively by the court in preparation for

the hearing and again following the hearing. The findings that follow are based upon a weighing of the testimony and credibility of each psychologist in light of their respective evaluative findings."

[¶10] The State concedes the district court may have erroneously considered Dr. Benson's report. The State did not offer the report into evidence at the commitment hearing; however, it argues any error in considering the report was harmless. But the court's order specifically mentioned Dr. Benson's report seven times in its findings of fact. To the extent the court relied on Dr. Benson's report in making its decision, we cannot conclude its reliance on the report was harmless. We conclude the court abused its discretion in considering Dr. Benson's report.

[¶11] With regard to Dr. Travis' report, the State did not offer it into evidence, and the district court's order is silent on whether it was part of the hearing record. The court denied Skorick's motion to strike Dr. Travis' report at the commitment hearing and stated "[t]he report stands as part of the record." It is unclear whether the court meant the report was part of the complete record before the court or the hearing record. Because we are uncertain whether Dr. Travis' report was admitted at the hearing, we reverse and remand for a determination of whether the report was part of the hearing record. If not, the court must make findings on whether Skorick is a sexually dangerous individual on the basis of Dr. Travis' testimony at the hearing.

### III

[¶12]  The order is reversed and remanded for proceedings consistent with this opinion.

[¶13]  Gerald W. VandeWalle
  Jerod E. Tufte
  Daniel J. Crothers
  Jon J. Jensen, C.J.

3

**McEvers, Justice, dissenting.**

[¶14] I respectfully dissent. I agree the district abused its discretion in considering Dr. Benson's report because it was never offered into evidence. Majority, at ¶ 10. Even assuming the court abused its discretion in considering Dr. Travis' report, I would affirm because the error is harmless.

[¶15] The appellant has the burden to establish not only the trial court erred, but also the error was highly prejudicial. *Howes v. Kelly Services, Inc.*, 2002 ND 208, ¶ 3, 654 N.W.2d 422. Even when the district court abuses its discretion in admitting evidence it is not reversible error unless "all the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made." *Interest of J.S.L.*, 2009 ND 43, ¶ 25, 763 N.W.2d 783 (relying on N.D.R.Civ.P. 61 setting forth rule on harmless error) (citations omitted). "Under N.D.R.Civ.P. 61, no error in admitting or excluding evidence is ground for granting a new trial or otherwise disturbing a judgment or order." *Solwey v. Solwey*, 2018 ND 82, ¶ 23, 908 N.W.2d 690. I am not convinced the court was induced by either of the reports in making its findings.

[¶16] In order to determine whether the district court's error was harmless, we must consider what findings are required and look at the findings made and evidence on which they were based. This was an involuntary commitment hearing under N.D.C.C. ch. 25-03.3, which authorizes commitment if the person is found to be a "sexually dangerous individual." *See Matter of Barrera*, 2008 ND 25, ¶ 5, 744 N.W.2d 744.

> A "sexually dangerous individual" is defined by a three-part test:
> (1) the individual has engaged in sexually predatory conduct;
> (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction; and

4

(3) the disorder makes the individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

*Id.* (relying on *Matter of Anderson*, 2007 ND 50, ¶ 22, 730 N.W.2d 570 and N.D.C.C. § 25-03.3-01(8)). This Court has construed the definition of a sexually dangerous individual to mean "proof of a nexus between the requisite disorder and dangerousness encompasses proof that the disorder involves serious difficulty in controlling behavior." *Matter of G.R.H.*, 2006 ND 56, ¶ 18, 711 N.W.2d 587 (discussing the due process requirements of *Kansas v. Crane*, 534 U.S. 407 (2002)).

[¶17] The district court found Dr. Travis testified extensively and persuasively at the hearing regarding the contents of his report. The court indicated its findings of fact were based upon a weighing of the testimony and the credibility of each psychologist in light of their respective evaluative findings.

[¶18] In its finding on the first statutory element, the district court referred to Dr. Travis' testimony regarding Skorick's history of predatory conduct stating, "Dr. Travis testified that Mr. Skorick has a documented history of acting out sexually as an adolescent and has a clear history of sexually predatory conduct." The court then goes on to observe neither Dr. Travis nor Dr. Benson dispute Skorick's convictions satisfy the element for "sexually predatory conduct." It is hard to imagine how considering Dr. Benson's report, which was consistent with Dr. Travis' testimony, could be prejudicial to Skorick.

[¶19] In its finding on the second statutory element, the district court again considered the reports of Dr. Travis and Dr. Benson, which provided similar, but not identical diagnoses. The court stated: "While the diagnoses are not identical, there are some similarities and Dr. Travis testified persuasively regarding his reasoning for his determination." The further found:

> Dr. Travis testified that these diagnoses are evidenced by his extensive criminal history that included numerous offenses of sexual acts against prepubescent and pubescent female victims. . . . . Dr. Travis expressed that he is particularly concerned because Mr. Skorick continues to commit sexual acts despite the

consequences that follow for his actions and he even continues to commit sexual acts while in the NDDOCR.

[¶20] Again, I fail to see the prejudice to Skorick by the district court considering the reports, when ultimately it was Dr. Travis' testimony the court found persuasive in making its finding on the second element.

[¶21] In regard to the third statutory element, the district court again considered Dr. Travis' and Dr. Benson's reports which came to similar results. The court noted that Dr. Travis explained through his testimony Skorick is "well above average risk to reoffend," and his mental health disorders and his pattern of sexually predatory conduct show that Skorick cannot control his behavior in the community and he will likely reoffend. The court also noted, Dr. Travis testified to the fact that Skorick takes no ownership for his past behavior and shows no remorse for his victims which shows Skorick's antisocial personality disorder continues to be a problem and will continue to aggravate his other disorders. Because Dr. Travis' testimony was adequate to meet this element, Skorick has failed to show he was prejudiced. In addition, in regard to the three statutory prongs, Skorick's attorney conceded there was testimony in support, stating, "I will wholly admit without going forward on any cross that the State has provided testimony as to those three things."

[¶22] In regard to Skorick's difficulty controlling his behavior, and the nexus between his disorder and his dangerousness, the district court again considered the testimony and the reports of Dr. Travis and Dr. Benson. The court stated Dr. Travis testified Skorick has serious difficulty controlling his behavior, noting more than fifty major violations and a score of minor violations while in custody. The court noted Dr. Travis testified Skorick was sexually aggressive towards another inmate and Skorick masturbating in front of another inmate was a display of Skorick's repressed sexual aggression he could no longer control. The court noted, "Dr. Travis specifically testified that Mr. Skorick would have continued difficulty controlling his behavior due to his combined sexual disorders and personality disorder, combined with his continued behavior while in the NDDOCR, the raised fist at one of the NDDOCR staff members, and Mr. Skorick's lack of treatment."

6

[¶23] Because the testimony of Dr. Travis supports the district court's findings Skorick meets all three elements of a sexually dangerous individual, and there is a nexus he has serious difficulty controlling his behavior, I would affirm.

[¶24] Lisa Fair McEvers