# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 53

Joshua M. Goetz,

Plaintiff and Appellee

v.

Cassandra B. Goetz,
n/k/a Cassandra Smith,

Defendant and Appellant

and

State of North Dakota,

Statutory Real Party in Interest

### No. 20250193

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable James D. Gion, Judge.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Opinion of the Court by Tufte, Justice.

Justin D. Hager, Bismarck, N.D., for plaintiff and appellee.

Kyle R. Craig, Minot, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]  Cassandra Goetz, n/k/a Cassandra Smith ("Smith"), appeals from an order awarding Joshua Goetz ("Goetz") more parenting time with their children. We affirm in part, concluding the district court did not clearly err in finding there was a material change in circumstances justifying parenting time modification. We reverse in part, concluding the court erred in conducting an in chambers interview of the minor child over Smith's objection, relying on the child's stated preferences, and considering the parenting investigator's report without notice to the parties and an opportunity to cross-examine the parenting investigator. We remand for further proceedings consistent with this opinion.

I

[¶2]  The parties have two minor children, L.G. (born in 2011) and A.G. (born in 2015). In 2018, the parties divorced and Smith was awarded primary residential responsibility based on the parties' agreement. Goetz received parenting time every other weekend and on alternating holidays. In February 2021, Goetz moved to amend the judgment, requesting primary residential responsibility. The district court appointed a parenting investigator, who submitted a report in November 2021. In January 2022, the parenting investigator testified about her report at an evidentiary hearing on the motion. After a second day of the evidentiary hearing, the court awarded the parties equal residential responsibility. Smith appealed, and we retained jurisdiction and remanded for more specific findings in *Goetz v. Goetz*, 2023 ND 53, ¶ 10, 988 N.W.2d 553. Upon reviewing the court's findings after remand, we reversed the amended judgment in *Goetz v. Goetz*, 2023 ND 120, ¶ 1, 993 N.W.2d 350, concluding the court once again failed to make specific findings on whether the material change in circumstances resulted in a general decline or adversely affected the children.

[¶3]  In February 2024, Goetz moved for primary residential responsibility or, in the alternative, more parenting time. The district court denied Goetz's motion for primary residential responsibility, concluding he failed to make a prima facie

case, but granted an evidentiary hearing on his motion to modify parenting time. Goetz requested that L.G. be allowed to testify at the evidentiary hearing. Smith opposed the request. The court granted Goetz's request. In October 2024, the court held the evidentiary hearing, including an in chambers interview of L.G. Before conducting the in chambers interview, Smith objected under N.D.R.Ct. 8.13, which requires the parents' consent. The court overruled the objection and conducted the interview of L.G. During the interview, L.G. told the court she wanted to spend more time with Goetz.

[¶4] After the hearing, the district court found that L.G. was of sufficient maturity to make a sound judgment. The court found there was sufficient reason to modify the parenting plan—including Smith's interference and inflexibility with the plan, the children's and Goetz's desire to spend more time together, and uncertainty in exchange times—and the best interests factors weighed in favor of more parenting time for Goetz. The court ordered modification of the parenting plan to provide Goetz more parenting time and proposed amendments, but requested the parties attempt to come to an agreement. After the parties failed to agree, the court issued an amended parenting plan, extending Goetz's parenting time to approximately 10 days per month.

II

[¶5] Smith argues the district court erred in finding a material change in circumstances warranting modification of the parenting plan.

[¶6] "After making an award of primary residential responsibility, the court, upon request of the other parent, shall grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health." N.D.C.C. § 14-05-22(2). "A party moving to modify parenting time must show that a material change in circumstances has occurred since entry of the prior parenting time order and that the modification is in the child's best interests." *Fleck v. Fleck*, 2023 ND 129, ¶ 12, 993 N.W.2d 534. "For purposes of modifying parenting time, we have defined a material change in circumstances as important new facts that

2

were unknown at the time of the initial parenting time order." *Id.* (quotation omitted). "[O]ur standard for determining whether a material change in circumstances has occurred for purposes of modifying parenting time does not require an adverse effect on the child or a resulting decline in the child's condition." *Id.* ¶ 15. "A district court's decision on whether to modify parenting time is a finding of fact reviewed under the clearly erroneous standard of review." *Id.* ¶ 13. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if on the entire evidence we are left with a definite and firm conviction a mistake has been made." *Id.*

[¶7] Smith contends the district court failed to find a material change in circumstances. While the court did not use the words "material change in circumstances," it provided several specific findings demonstrating a material change in circumstances justifying modification of the parenting plan. *See Prchal v. Prchal*, 2011 ND 62, ¶ 23, 795 N.W.2d 693 ("Although the district court did not specifically state a material change of circumstances had occurred, the court made several specific findings demonstrating that the circumstances surrounding the present parenting time schedule should be modified due to the parties' continuing conflict."). The court found Smith "carries extreme animus" toward Goetz, which affects her "perception of any relationships between [Goetz] and the parties' two daughters"; Smith has interfered with Goetz's parenting time and "changed exchange times to suit her desires," while denying Goetz any reasonable exchange accommodations or parenting time extensions; Smith admitted that her daughters expressed a desire to spend more time with Goetz, and that Goetz wanted to spend more time with them; and Smith agreed that the parenting plan should be amended to provide more specific exchange times, including for holidays. The court therefore found the material changes in circumstances were Smith's interference with Goetz's parenting time and her unwillingness to accommodate reasonable exchange plans, the children's desire to spend more time with their father, Goetz's desire to spend more time with his children, and the judgment's uncertain exchange times, which cause conflict for the parties.

[¶8]   We have recognized that conflict over implementing a parenting plan can be a material change in circumstances warranting modification of parenting time. *Schurmann v. Schurmann*, 2016 ND 69, ¶ 13, 877 N.W.2d 20; *Hoverson v. Hoverson*, 2015 ND 38, ¶ 22, 859 N.W.2d 390; *Prchal*, 2011 ND 62, ¶ 23. Smith does not argue any of the district court's findings were clearly erroneous, except L.G.'s preference, which L.G. provided during the in chambers interview that Smith asserts was held in error. Smith, however, independently testified that the children wanted to spend more time with Goetz. Thus, this finding is supported by competent evidence in the record. We conclude the court did not clearly err in finding there was a material change in circumstances justifying modification of parenting time.

III

[¶9]   Smith argues the district court erred in conducting the in chambers interview of L.G. over her objection under N.D.R.Ct. 8.13. Rule 8.13, N.D.R.Ct., states:

> **(a) Parents' Consent.** If the parents consent, the district court may conduct an in chambers interview of a child in a proceeding to determine primary residential responsibility or parenting time. A parent is considered to have consented to an in chambers interview if the parent is voluntarily absent from the proceeding. The parents may not be present during the in chambers interview.
>
> . . . .
>
> **(c) Presence of Counsel.** The district court must allow counsel to be present during the in chambers interview and may allow counsel to ask or submit questions.

The interpretation of a court rule is a question of law, which we review de novo. *Fleck*, 2023 ND 129, ¶ 8. Whether to admit or exclude evidence is within the court's broad discretion, which we review for an abuse of discretion. *In re Skorick*, 2020 ND 162, ¶ 6, 946 N.W.2d 513. "A court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, it misinterprets or misapplies the law, or when its decision is not based on a rational mental process leading to a reasoned decision." *Id.*

[¶10] Under N.D.R.Ct. 8.13(a), the district court may conduct an in chambers interview of a child in a parenting time proceeding only if the parents consent. It is undisputed that Smith did not consent to the in chambers interview of L.G. The interview was therefore not permitted under the rule.

[¶11] Goetz argues that L.G.'s statements during the interview were admissible as witness testimony under the general rule permitting the district court to call and examine witnesses, N.D.R.Ev. 614, which allows the court to "call a witness on its own or at a party's request" and examine the witness. This argument is without merit. The court specifically stated it was using the courtroom to conduct an in chambers interview, and ordered the parents to leave the courtroom. The record shows that counsel stayed in the courtroom and the parents left the courtroom, which is the procedure contemplated under N.D.R.Ct. 8.13(a) and (c) if the parents consent: "[t]he district court must allow counsel to be present during the in chambers interview," but "[t]he parents may not be present during the in chambers interview." Unlike N.D.R.Ct. 8.13, N.D.R.Ev. 614 does not provide authority to conduct in chambers proceedings or otherwise exclude the parties during examination of witnesses. Rule 8.13, N.D.R.Ct., is a specific procedure that may be used in a proceeding to determine primary residential responsibility or parenting time.

[¶12] We conclude the district court erred as a matter of law by holding an in chambers interview without both parents' consent. The court abused its discretion by misinterpreting and misapplying N.D.R.Ct. 8.13 and considering L.G.'s statements in its best interests analysis.

[¶13] Goetz contends that even if the district court erred in considering the in chambers interview, the error was harmless because he and Smith provided the same information as L.G. through their testimony. Under N.D.R.Civ.P. 61, no error in admitting or excluding evidence is grounds for vacating or disturbing an order unless justice requires otherwise, and all errors and defects not affecting a party's substantial rights must be disregarded. "[I]ntroduction of allegedly inadmissible evidence in a non-jury case is rarely reversible error, and we would only reverse such a holding if all the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent

5

evidence induced the court to make an essential finding which would not otherwise have been made." *In re J.S.L.*, 2009 ND 43, ¶ 25, 763 N.W.2d 783 (quotations omitted).

[¶14] Under best interests factor (i), "[i]f the court finds by clear and convincing evidence that a child is of sufficient maturity to make a sound judgment, the court may give substantial weight to the preference of the mature child." N.D.C.C. § 14-09-06.2(1)(i). The district court found by clear and convincing evidence that L.G. was of sufficient maturity to make a sound judgment as to parenting time based on the in chambers interview and "the previous hearing in this matter and the parenting investigator's report offered into evidence at that time." As explained below, the court erroneously relied on the 2021 parenting investigator's report because it failed to put the parties on notice of that evidence and provide them an opportunity to question the parenting investigator on her report. Because the court's only other stated source of evidence is the in chambers interview, the court's consideration of that evidence in finding L.G. to be a mature child is not harmless.

[¶15] Moreover, if the district court finds by clear and convincing evidence that a child is of sufficient maturity, the court "may give substantial weight" to the mature child's preference. N.D.C.C. § 14-09-06.2(1)(i). "When used in a statute, the word 'may' is ordinarily understood as permissive rather than mandatory and operates to confer discretion." *In re C.A.R.*, 2020 ND 209, ¶ 9, 950 N.W.2d 186. Factor (i) therefore gives the court discretion in weighing the mature child's preference, including giving it "substantial weight." After finding L.G. was sufficiently mature, the court weighed best interests factor (i) in favor of Goetz, noting in part that L.G. "clearly prefers as much time with her father as possible." Thus, while Goetz and Smith testified that their children want to spend more time with Goetz, we do not know how much weight the court gave L.G.'s preference and whether that decision was significantly based on her statements in chambers. *See In re J.C.*, 2024 ND 9, ¶ 25, 2 N.W.3d 228 ("We cannot determine what impact, if any, the improperly considered evidence and erroneous findings had on the court's exercise of its discretion."); *Johnshoy v. Johnshoy*, 2021 ND 108, ¶ 11, 961 N.W.2d 282 (noting "preference of a mature child may be particularly significant to the trial court" in determining the best interests of the child). We

6

conclude that considering the in chambers interview was not harmless error. *See Skorick*, 2020 ND 162, ¶ 10.

IV

[¶16] Smith argues the district court erred in considering the 2021 parenting investigator's report because it was not entered into the evidentiary record and the court failed to provide notice that it would consider the report.

[¶17] "In contested proceedings dealing with parental rights and responsibilities the court, upon the request of either party, or, upon its own motion, may appoint a parenting investigator and order an investigation and report concerning parenting rights and responsibilities regarding the child." N.D.C.C. § 14-09-06.3(1); *see also* N.D.R.Ct. 8.6(c)(8) (2024).[1] The parenting investigator must file the report and serve it on the parties at least 30 days before the hearing. N.D.C.C. § 14-09-06.3(3); N.D.R.Ct. 8.6(c)(9) (2024). "A parenting investigator shall attend all court proceedings unless excused by the court and shall testify when requested." N.D.R.Ct. 8.6(d) (2024). A party may call the investigator and any person consulted by the investigator for cross-examination at the hearing and "may not waive the party's right of cross-examination before the hearing." N.D.C.C. § 14-09-06.3(3). After the court issues its decision, the parenting investigator must be discharged of his or her duties. N.D.C.C. § 14-09-06.3(5).

[¶18] "For a district court to use a custody investigator's report, it should be made part of the evidentiary record." *McAdams v. McAdams*, 530 N.W.2d 647, 651 (N.D. 1995). "[T]here is a distinction between the court file or record and the evidentiary record. Generally, a document in the court file is not part of the evidentiary record unless a party offers the document and the court receives it." *J.C.*, 2024 ND 9, ¶ 15. "One of the fundamental precepts of our judicial system is that the finder of fact must rely only on the evidence presented in court." *Id.* ¶ 16.

---

[1] Rule 8.6, N.D.R.Ct., was amended effective March 1, 2025 and June 1, 2025, after the order to amend parenting time was entered by the district court. The 2024 provisions cited in this opinion remain in effect under the 2025 rule, albeit under different subdivisions.

[¶19] In February 2021, Goetz moved to amend judgment, requesting primary residential responsibility. In June 2021, he moved for the appointment of a parenting investigator. Smith opposed his motion to appoint a parenting investigator due to untimeliness of the motion, cost, and delay of the proceedings. The district court appointed the parenting investigator, and her report was submitted in November 2021. In January 2022, the court held an evidentiary hearing on Goetz's motion to modify residential responsibility where the parenting investigator testified concerning her report.

[¶20] Under N.D.C.C. § 14-09-06.3 and N.D.R.Ct. 8.6(c)-(d) (2024), the parenting investigator must file and serve the report before the hearing, and must be available to testify at the hearing. The parenting investigator appeared to perform these duties. Neither party argued in their briefing that the parenting investigator's report was not received into evidence at the January 2022 hearing. Although a review of the transcript of that hearing does not show the report was formally offered and received into evidence, the parties extensively questioned the parenting investigator about her report. Neither party claims to have objected to the court receiving the report into evidence at the hearing. Therefore, we accept the district court's conclusion the parenting investigator's report was entered into evidence at the 2022 hearing as contemplated by N.D.C.C. § 14-09-06.3 and N.D.R.Ct. 8.6.

[¶21] "A trial court commits reversible error when it relies on facts in an investigator's report for purposes of making a custody decision without allowing the parties an opportunity to call and cross-examine the investigator or persons contacted by him." *Quarne v. Quarne*, 1999 ND 188, ¶ 6, 601 N.W.2d 256. The parenting investigator did not testify at the October 2024 evidentiary hearing, and the parties were not put on notice that the district court intended to rely on the parenting investigator's report in determining whether to modify parenting time. We conclude the court abused its discretion by relying on the parenting investigator's report following the 2024 hearing, without having first provided the parties notice and an opportunity to cross-examine the parenting investigator on her report at that hearing.

[¶22] Goetz argues the district court's consideration of the report was harmless error because the court "did not rely on anything from that report that was not known" to it from "previous hearings" or its "own examination." Goetz asserts the "only time the [c]ourt cites to this report was regarding whether or not L.G. was mature enough to express a preference," which the court determined through its "own examination." By the court's "own examination," Goetz appears to mean the in chambers interview of L.G. As discussed above, this in chambers interview was conducted in error.

[¶23] Smith contends that the district court also relied on the parenting investigator's report in its best interests factors analysis; specifically, best interests factors (i) and (m). We agree. Under best interests factor (i), the district court relied on the parenting investigator's report in finding that L.G. is of sufficient maturity to make a sound judgment, stating that the report "indicated both girls wanted to spend more time with their father" and that the parenting investigator "identified L.G., in 2021, as having the maturity to appropriately express a preference." Under best interests factor (m), which considers any other relevant factors, the court stated it "cannot ignore the history of this matter, or the Parenting Investigator's Report as it addresses the conditions considered in the parenting time decision."

[¶24] The district court relied only on incompetent evidence to find that L.G. was of sufficient maturity to make a sound judgment. *See Haas v. Hudson & Wylie LLP*, 2020 ND 65, ¶ 17, 940 N.W.2d 650 (concluding court committed reversible error where "incompetent evidence induced the court to make an essential finding which may not otherwise have been made"). Because the court has discretion in weighing best interests factor (i), we conclude the court's consideration of the parenting investigator's report was not harmless error. *See J.C.*, 2024 ND 9, ¶¶ 25-26; *Skorick*, 2020 ND 162, ¶ 10.

V

[¶25] The order modifying parenting time is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. The district court did not clearly err in finding there was a material change in circumstances

9

justifying parenting time modification. The court erred in conducting an in chambers interview of the minor child over Smith's objection, and considering the parenting investigator's report without notice to the parties and an opportunity to cross-examine the parenting investigator. We remand for the district court to conduct the best interests analysis, without consideration of the in chambers interview or parenting investigator's report. Alternatively, upon motion of a party or the court, the court may hold a supplemental evidentiary hearing.

[¶26] Lisa Fair McEvers, C.J.
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr